## 𝔚ytheville.

### COLE v. COLE & ALS.

July 31, 1884.

1. WILLS—*Construction.*—Little aid can be derived in the construction of wills from adjudged cases, as each case must be governed by its own particular facts and circumstances.

2. IDEM—*Idem—Limitation after absolute estate.*—It is a well settled rule of law, in the construction of wills, that an absolute power of disposal in the first taker renders a subsequent limitation repugnant and void. *May* v. *Joynes*, 20 Gratt. 692; *Carr* v. *Effinger*, 78 Va. 197.

3. IDEM—*Idem—Idem—Case at Bar.*—Testator said: "I give to my wife all my estate during her lifetime, and at her death half of the real estate and half of the personal property *that may be on hands* to do with and as she may see proper, and the other half of my real estate and personal property to go to the heirs of my brother." The widow claimed only the personalty in absolute right.

HELD:

The words "*that may be on hands,*" fairly construed, impliedly give to the wife the absolute disposal of the personalty *at least*, and the limitation over to the heirs of the brother is repugnant and void.

Appeal from decree of circuit court of Smyth county, entered 19th September, 1882, in the cause of Hugh F. Cole and others against Mrs. Martha A. E. Cole and others. In 1881 David J. Cole, late of said county, died testate, leaving a widow, Martha A. E. Cole, no children, and valuable real and personal estate. The third clause of his will is as follows: "I give to my wife, Martha A. E. Cole, all of my personal and real estate during her lifetime, and at her death half of the real estate and half of the personal property that may be on hands to do with as

she may see proper, and the other half of my real estate and personal property to go to the heirs of my brother, Sampson Cole." She qualified as administratrix with the will annexed on 18th July, 1881, and took possession of the entire estate.

In September, 1882, Hugh F. Cole and the other heirs of Sampson Cole, deceased, brought their bill in said circuit court against Mrs. M. A. E. Cole, as widow, devisee, legatee and administratrix c. t. a. of David J. Cole, deceased, claiming to be entitled under the will, at the widow's death, to one-half of the estate, real and personal. They alleged, that while she was entitled to the use and enjoyment of the whole estate during her lifetime, it was her duty to manage it prudently, and that she had not the power to give it away nor to waste it. Their prayer was that the will be construed, the rights of the plaintiffs definitely ascertained, and for general relief. The widow answered, denying the claim set up in the bill, and insisting, that according to the true construction of the will, she was entitled absolutely to the whole estate. "But," the answer proceeds, "whilst this is so, she does not contend for this, for she is satisfied that this clause of the will 'as to what may be on hands,' was only contemplated to be applied to the personal estate. At her death, she is willing now to say that one-half of the real estate will belong to the heirs of Sampson Cole, deceased.

"Respondent knows that her husband intended to give her absolute dominion and control of the personal estate to dispose of and do with as she pleased, and thought that, perhaps, circumstances might arise when she would need the whole of it, and intended, that in that event, she should so use it, and she insists that it was the furthest from his intention to leave her under the guardianship and control of these complainants, and require her to manage it prudently and economically for their benefit. He never intended to put her during life under any such hard task-masters, and yet this is the contention of these complainants." So, the controversy involves the construction of that clause of the will.

Testimony was taken, and the cause coming on to be finally heard, a decree was entered in favor of the plaintiffs, and from that decree the widow appealed to this court.

*James H. Gilmore,* for the appellant.

*John P. Sheffey,* for the appellees.

LEWIS, P., after stating the case, delivered the opinion of the court :

In the construction of wills it is a well-settled rule of law that an absolute power of disposal by the first taker renders a subsequent limitation repugnant and void. And the same rule applies whether the property devised be real or personal. 3 Lom. Dig. 193 ; *Shermer* v. *Shermer's ex'or,* 1 Wash. 266 ; *Riddick* v. *Cohoon,* 4 Rand. 547 ; *May* v. *Joynes et als.,* 20 Gratt. 692 ; *Miss. Society* v. *Calvert's adm'r,* 32 *Id.* 357 ; *Carr et als.* v. *Effinger et als.,* 78 Va. (3 Hansbrough) 197.

In *Riddick* v. *Cohoon,* a testator gave to his three sisters certain specific legacies, and to his daughter, Betsy, certain real and personal property, and then, by another clause of the will, directed as follows : "It is my will and desire that if my aforesaid daughter, Betsy, shall die without lawful heir or issue of her body, then all of the lands and all the other estate I have herein given to her that *shall be left remaining at her death,* be equally divided to and between my aforesaid three sisters." It was held that the language employed gave to the daughter an absolute power of alienation, and consequently an absolute estate in the property devised. The court saying, that after an absolute property given to one, with an unlimited power to dispose of it, express or implied, a disposition by the donor of so much of the property as may not be disposed of by the donee or legatee to another is void, because of the inconsistency and the uncertainty as to what part of the property is intended to go

over. In *May* v. *Joynes et als.*, the testator gave to his wife the whole of his estate, real and personal, during her life, with full power of alienation, and to use the purchase money for investment or any purpose that she should see fit, with this restriction, that *whatever should remain at her death* should be divided as directed by the will. Here, the devise to the wife was for her life only, yet it was held that she took a fee simple in the real estate and an absolute estate in the personalty, and that the limitation over was void for repugnancy and uncertainty. In *Carr et als.* v. *Effinger et als.*, the language of the will was as follows: "At the death of my wife *what bonds she may not have used* I give to my two sisters, Caroline Thomas and Lucinda Effinger and the children of their bodies." It was held that the wife took an absolute estate, and not merely a life estate as was contended for. Judge Richardson, in delivering the opinion of the court, said : " The language, 'what bonds she may not have used', employed in the 7th clause, when taken in connection with the preceding clause, and in connection with the whole will, necessarily imports absolute ownership and the consequent right of disposition " in the wife.

Like decisions have been made by the courts of other states in similar cases. Thus, in *Campbell* v. *Beaumont*, 91 N. Y. 464, a testator devised to his wife certain property to be enjoyed by her for her sole use and benefit, and then directed that such portion thereof *as might remain at her death* should go to her son, Charles. It was held that the limitation over to the son was inconsistent with the devise to the wife, and was therefore void. So, in *Jackson* v. *Bull*, 10 Johns. 19, a testator after devising certain real estate to his son, Moses, declared as follows : "In case my son, Moses, should die without lawful issue, the said property *he died possessed of* I will to my son, Y." It was held that the limitation over was void as being repugnant to the power of disposal, and consequent absolute ownership of the property given to the son, Moses. See 2 Minor's Inst. (2d ed.), 969–70, and cases cited. It is true, the case of *Smith*

v. *Bell*, 6 Peters, 68, relied on by counsel for appellees, would seem to lay down a somewhat different doctrine. There the legacy was to a wife "to and for her own use and benefit, and disposal absolutely; the remainder of said estate, after her decease, to be for the use of" the testator's son; and it was held that the wife took a life estate only, with a vested remainder in the son. The case was not argued on the losing side, and no reference is made to the authorities which sustain the opposite conclusion. The remainder was upheld in accordance with the testator's intent to make provisions for an only child, and to confine the wife's interest to an estate for life. The case would seem to be opposed to the authorities already cited, and to the doctrine laid down in the *Attorney General* v. *Hall*, Fitzg. 314, which was sanctioned by Lord Hardwicke in *Flanders* v. *Clark*, 1 Ves. 9, and its authority has accordingly been questioned. See *Campbell* v. *Beaum nt*, 91 N. Y. (*supra*), and *Gifford and others* v. *Choate*, 100 Mass. 343.

After all but little aid can be derived in the construction of wills from adjudged cases, as each case must be governed by its own particular facts and circumstances. It has, therefore, been well said, that it may "be doubted if any other source of enlightenment in the construction of a will is of much assistance, than the application of natural reason to the language of the instrument under the light which may be thrown upon the intent of the testator by the extrinsic circumstances surrounding its execution, and connecting the parties and the property devised with the testator and with the instrument itself." *Clark* v. *Boorman's Ex'ors*, 18 Wall. 493 ; *Blake* v. *Hawkins*, 98 U. S. 315 ; *Kennon* v. *McRoberts*, 1 Wash. 131.

In the present case, the language employed is as if the testator had said, "I give to my wife all my estate, and at her death one-half of the real estate and one-half of the personalty *that may then be on hand* to go to the heirs of Sampson Cole." The words "that may be on hands," fairly construed, impliedly give to the wife the absolute disposal of the personalty at least. And

this is all the appellant claims.   Looking to the situation of the parties and the attending circumstances, the conclusion is irresistible that such was the testator's intention.   His first and principal object was to provide for his wife.   This is manifested by the devise to her of his whole estate.   He was childless, and it was, therefore, natural that he should give her the unlimited power of disposal as an ample provision for her ease and comfort in her declining years.   For nearly forty years they lived together happily and prosperously.  . It appears that one-half of the estate with which they began their married life had been contributed by her, and that she materially aided in acquiring that which was subsequently acquired.   Under these circumstances, to have left her the use only of any part of the personalty, when an absolute estate in the whole was essential to her comfort, and to have imposed upon her in her old age the cares and responsibilities of a trustee for his brother's children, would hardly have been just, and certainly not generous.   It is evident he intended to be both.   The fair import of the language he has used forbids the construction placed upon it by the circuit court, and in the light of all the surrounding circumstances manifests his intention too plainly to admit of doubt.

The decree must be reversed and the bill dismissed.

DECREE REVERSED.