# CHARLESTON.

## DOLAN *v.* ESKRIDGE.

Submitted October 26, 1909. Decided December 13, 1910.

WILLS—*Construction—Nature of Estate.*
> The will in this case gives the wife only an estate for her life in a moiety of the land by it devised.

Error to Circuit Court, Cabell County.

Action by Letha Dolan and others against James Eskridge and others. Judgment for defendants, and plaintiffs bring error.

*Affirmed.*

*George S. Wallace,* for plaintiffs in error.

*Geo. J. McComas,* for defendant in error.

BRANNON, JUDGE:

This is a writ of error from a judgment upon agreed facts in favor of the defendants in an action of ejectment in the circuit court of Cabell county, in which Letha Dolan and others are plaintiffs and James Eskridge and others defendants.

Both plaintiffs and defendants claim title from the will of Ralph Smith, under a clause giving "To my beloved wife and obedient daughter, Johanna, all my lands and appurtenances situated thereon, known as the land on which I now reside, situate on the borders of Heath's Creek, in the County of Cabell, W. Va. And all the rest, residue and remainder of my real and personal estate, with my land named, to be divided equally between them, share and share alike, during the life time of my wife; after her death her interest and estate, real and personal, goes to my daughter, Johanna, and her heirs." The wife was Levila Smith, and the daughter was Johanna McMullen. Levila Smith died intestate, and the plaintiffs are her heirs, contending that the will gave Levila Smith one half in fee in the tract of land mentioned in the will, and that at her death it passed to the plaintiffs as her heirs. Johanna McMullen, after Levila Smith's death, conveyed the tract, as sole owner, to Swann, and the defendants claim derivatively under her, contending that under the will Levila Smith and Johanna McMullen did not take a joint estate in fee, but that Levila Smith took an estate for her life in a moiety, with remainder in fee to Johanna McMullen in that moiety. The counsel for plaintiffs argues that the will by clear words, as if a separate clause, vests in the wife and Johanna a joint estate in fee, and relies on the legal rule of construction of wills, that "an express bequest cannot be cut down by a subsequent clause of doubtful meaning." 10 Anno. Cases, 176. See 3 Anno. Cases, 615. The rule is thus stated in 30 Am. & Eng. Ency. L. 687. "It has become a settled rule of construction that when the words of a will in the first instance distinctly indicate an intent to make a clear gift, such gift is not to be cut down by any subsequent provision which is ambiguous or inferential and which is not equally as distinct as the former; or, the rule may be stated that a clear gift is not to be cut down by anything which does not, with reasonable certainty, indicate an intention to cut it down. Whichever form of language be adopted, however, the plain intention of the

testator, and not the comparative lucidity of the two parts of the will, is to be regarded." This rule is stated in *Smith* v. *Schlegel,* 51 W. Va. 249. Whilst these authorities say that a clear, distinct devise cannot be cut down by a later clause, yet they say the whole will is to be read and intent carried out. If the sentence giving wife and daughter the land stood alone, it would give them a joint fee; but in immediate connection the testator says that all the residue of his real and personal estate, "with my land named", should be divided equally between wife and daughter, during the lifetime of the wife, and at her death her interest and estate to go to the daughter. Take all these words closely joined in the context and intent, and it seems very reasonable to say that he intended to give his wife only a life estate. That first clause did not say all he intended to say. Having disposed of the land on which he resided on Heath's creek, he wished to dispose of all the balance of his estate, real and personal, and by the second clause he gives it to the same persons, wife and daughter, to whom by the first clause or sentence he gave that land—the same persons—and no one can deny that as to such rest and residue he gave his wife only a life estate in half, and his daughter the remainder in that half after the termination of that life estate. But note that he brought under this second clause the land mentioned in the first. True, he used the words "rest, residue and remainder"; but he used not those words only, but also the words "with my land named" in immediate connection with the words "rest, residue and remainder", and thus brought it within the same devising mind. Those words mean the same as if he had said "the said land", carrying the mind back to the first clause; just as if he had said "including the said land". If he did not intend to limit his wife's estate in the land to life, why did he mention in this clause the land? Surely he intended to give the residue to his wife only for life, and by bringing the land into this clause he plainly manifested an intent to limit his wife to a life estate. I think it will fortify this construction to add that elsewhere in his will he gave other children one dollar each. This indicates that he intended to cut them off with one dollar, and did not intend that they should get more by inheriting land from their mother.

We affirm the judgment.                              *Affirmed.*