# CHARLESTON.

## CRINER v. GEARY *et als.*

### Submitted May 9, 1916. Decided May 23, 1916.

1. QUIETING TITLE—*Interest of Plaintiff—Life Estate.*
   One having an interest in land, though less than a fee, as an estate for life, and possession, may in a proper case maintain a suit in equity to remove a cloud therefrom. (p. 478).

2. WILLS—*Construction—Estate Conveyed.*
   Where an absolute fee in land is given by will, such estate will not be cut down by a subsequent clause, though in the same paragraph, which also gives to the same devisee the personal estate of the testator ''during the term of her natural life'', and then to be divided equally between the testator's heirs, no other provisions of the will indicating a clear intention of the testator to also limit the estate in the land to a life estate therein. (p. 478)

Appeal from Circuit Court, Roane County.

Suit by Levesta A. Criner against P. V. Geary and others. From a decree for defendants, plaintiff appeals.

*Reversed and rendered.*

*Harper & Baker* and *Pendleton, Mathews & Bell,* for appellant.

*Ryan & Boggess,* for appellees.

MILLER, JUDGE:

Plaintiff, Mrs. Levesta A. Criner, formerly Nida, widow of Caleb Nida, deceased, claiming under the will of the said decedent an estate in fee simple in a tract of one hundred acres of land, more or less, the home farm, sued the defendants, P. V. Geary, Susan Geary, United Fuel Gas Company, and J. A. Nida, in his own right, and as executor of the last will and testament of the said Caleb Nida, deceased, the object of the suit being, (1) to quiet her alleged title to said tract, and (2) to remove as clouds thereon, certain deeds and an oil lease made by the heirs at law of said decedent for their pretended interests in said land and under which certain of the defendants are now claiming title or the rights of lessee of the oil and gas, as particularly described in the bill.

From the decree of the circuit court of September 24, 1915, sustaining defendant P. V. Geary's demurrer to and dismissing plaintiff's bill, she has appealed, and the sole question presented for decision is, what estate in said tract of land, the home farm, did the plaintiff and appellant take under the will of her late husband, the said Caleb Nida, deceased?

The provision of the will relied on is as follows:

"I bequeath to my beloved wife Levesty A. all of my real estate the home farm and all of the *appertences* there unto belonging I also give and devise to my said wife all of my personal *estates* owned and claimed by me. including horses *Catle* and *Hogs.* and household and *Kitchen furature* during the term of *hur* natural life. and then to be divided *aqual* between my *heires,* Except I bequeath to *eah* of my *dauters on* married to Otha Jett. and the other one *marrid* to Lemueal Stricklin one dollar each."

The circuit court was of opinion and so decreed, that this will vested in plaintiff only a life estate in said land, and for this reason also was of opinion that she could not maintain this suit, and being also of opinion that the bill could

not be amended so as to entitle plaintiff to any relief dismissed her bill, with costs to defendants.

Assuming; as decreed, that the will did invest plaintiff with only a life estate in said land, a legal estate, and being in possession thereof, as the bill alleges, she had the right in equity to protect and quiet that title, and to remove any cloud thereon. The general rule is that one having any interest in land, though it be less than the fee, legal or equitable, and possession thereof, may maintain a suit to quiet the same and remove cloud therefrom. 32 Cyc. 1331, citing *McKinnie* v. *Shaffer*, 74 Cal. 614; 17 Ency. Pl. & Pract. 300; *Jackson* v. *Kittle*, 34 W. Va. 207; 5 R. C. L. 646; 6 Pom. Eq. Jur., section 738, and note 51; 2 Story's Eq. Jur. (13th ed.) 10-11, and note (a); 11 Ency. Dig. Va. & W. Va. Rep. 517; 14 *Id.* 855; 15 Id. 839. So that the decree is erroneous on this account for denying any relief and dismissing the bill.

But the question remains, did the will of decedent invest plaintiff with an estate in fee simple in said land? We are of opinion that it did. It is practically conceded that if the paragraph quoted was separated into items, or the clause disposing of the land was separated by a period or a comma from the following clause disposing of the personal estate, the intent of the testator grammatically construed would be to dispose of the whole interest in the land to plaintiff and that the clause "during the term of *hur* natural life", without more, could not be construed as modifying the gift of the land. But we see that the testator was unlettered, and made numerous improper uses of punctuation marks, omitting them entirely where they properly belonged, and particularly used periods where they did not belong; so we can give little heed to his use of these marks to determine his intention. One thing is conspicuously manifest, and that is that by the first part of the paragraph he makes a clear and complete gift of his land to his wife; then the language is "I also", that is, in addition to the land just given. "I also give and devise to my said wife all my personal *estates*", &c. While no period or other mark separates the two clauses this language as completely separates them as if properly punctuated to indicate the testator's intention. How can we say that the testa-

tor, unlettered as he was, because he omitted "item", or a period, or some other punctuation mark, intended to modify the clear gift of his land by the words of limitation following the gift of his personal estate. The law is conceded to be that the gift of an absolute fee cannot be cut down by any subsequent clause of the will unless the language used is as plain and unequivocal as is the clause which creates the fee simple estate. *Smith* v. *Schlegel,* 51 W. Va. 245, 41 S. E. 161; *Purcell* v. *Wilson,* 4 Gratt. 16; *Barksdale* v. *White,* 28 Gratt. 224. In the Smith-Schlegel case, a similar paragraph disposing of real estate and personalty was separated by a comma, and although the clause disposing of the personal estate contained the words "to be hers during her natural life", it was construed as not intending to modify the clause disposing of the real estate, and that the widow took a fee therein. True in that case if the will had not been so construed, the testator would have died intestate as to the remainder, which would not be true in this case, for the testator in this case disposed of the remainder of the personal estate to his heirs, and if the clause limiting the gift of this property to a life estate could be construed as applicable also to the real estate it would go as the personal estate is directed, to the heirs. This is one fact which is emphasized in the Smith-Schlegel case; but it is not the controlling fact. It is said, as applicable to the case here, that it is unusual to dispose of personal estate for life. We do not think it is unusual. On the contrary, it is quite a common provision. It was apparently attempted in the Smith-Schlegel case. And respecting the suggestion that the testator could not have intended a full gift of the land to his wife, when he had children, we see that he at least cut two of them off with but one dollar, without any reason assigned therefor. Is it not just as reasonable to assume that he meant to cut all the others off with but a remainder in the personal estate? Besides, he may have had in mind that being the children of Mrs. Nida they would inherit the land from her, or that she would devise it to them at her death? As we cannot see clearly from any of the provisions of this will that the testator intended to cut down the estate devised to his wife abso-

lutely in the first part of the paragraph we are not warranted in saying that he intended to do so. We might venture the supposition that he intended to do so, but the rules of construction do not permit us to so dispose of his language. The question is not what he may have intended, but what do the words employed by him express.

Our conclusion is to reverse the decree, and pronounce such decree here as we think the circuit court should have pronounced granting the relief prayed for.

*Reversed and rendered.*