### TALLMAN v. LADD et al.

(Circuit Court of Appeals, Fourth Circuit. April 14, 1925.)

No. 2313.

1. Equity ⚖=418, 419—Entry of decree pro confesso held warranted, and court's refusal to open default or suspend decree not abuse of discretion.

Decree pro confesso held properly entered, under rule 29, in suit for accounting and removal of executrix of estate, on defendant's failure to answer within 5 days after denial of her motion to dismiss, nor was court's refusal to open the default, or to suspend, alter, or rescind the decree pro confesso, an abuse of his discretion, under rules 5 and 17.

2. Executors and administrators ⚖=35(19)—Order denying motion to dismiss, heard after entry of decree appointing receiver, held adjudication of duly contested matter, reviewable on appeal from decree.

Where, after entry of decree removing executrix and appointing receiver, decree was opened to extent of motion of executrix to dismiss on ground that testator's daughter took property to exclusion of plaintiffs, held, refusing motion to dismiss was an adjudication of a duly contested matter, properly reviewable on appeal from order removing executrix and appointing receiver.

3. Wills ⚖=601(1)—Testator's daughter held not to take absolute fee in estate, to exclusion of possible remaindermen.

Where testator gave all of estate to wife and daughter, share and share alike, but provided that, if wife survived daughter, daughter's interest in estate should go to certain others, brothers and sisters of testator, held, daughter did not take an absolute fee simple, to exclusion of possible remaindermen, which was inherited by her mother.

4. Appeal and error ⚖=865—On appeal from default decree, defendant can only question sufficiency of bill to warrant decree.

On appeal from default decree, defendant cannot urge want or insufficiency of testimony, but can contest decree on ground that it was unwarranted by bill.

5. Executors and administrators ⚖=35(1)—Removal of executrix for failure to keep accounts free from confusion held unwarranted.

Where testator appointed wife as executrix of his estate, without bond, security, or appraisement, her mere failure through mistake to keep her accounts free from confusion held insufficient to warrant her removal, and appointment of receiver.

6. Receivers ⚖=14—Receiver of estate not appointed, except where clear necessity appears.

Receiver will not be appointed to take charge of an estate intrusted by testator to executrix or trustee, except where it clearly appears necessary to protect and preserve trust property, in which case clear proof of misconduct or fraud, or danger of loss, is required.

Appeals from the District Court of the United States for the Northern District of West Virginia, at Wheeling; William E. Baker, Judge.

Suit by George T. Ladd and others against Caroline G. Tallman, executrix of the will of Albert P. Tallman and guardian of Helen Tallman, personally and in her own right. Decree for plaintiffs, and defendant appeals. Decree modified.

Henry M. Russell, of Wheeling, W. Va. (Hubbard & Hubbard, of Wheeling, W. Va., on the brief), for appellant.

George R. E. Gilchrist, of Wheeling, W. Va., for appellees.

Before WOODS, WADDILL, and ROSE, Circuit Judges.

WOODS, Circuit Judge. The will of Albert P. Tallman, dated October 10, 1903, was as follows:

"First. I give and bequeath all of my personal and real property to my beloved wife Carrie and to my blessed child Helen, one half to each, share and share alike. I wish no appraisement nor inventory made.

"Second. Should my beloved wife Carrie survive my little daughter Helen, then Helen's share is to go to her mother for the latter's use during her life and at the mother's death said share (Helen's) is to be divided equally between my brother Wilbur, my sisters, Mary Topping, Elen English and my sister Cornelia Ladd's estate. Should my brother Wilbur be not living at the date when the distribution just mentioned be made if made at all, then said share (Helen's) is to be divided into three equal parts, one going to my sister Mary or her estate, one to my sister Ellen or her estate and the remaining one to the estate of my sister Cornelia Ladd that is to say, this last named third is to

be divided equally between George, Louis and Elizabeth Ladd, her children.

"Third. I hereby appoint my beloved wife administratrix of this my last will and testament without bond or security and I would suggest that she act as guardian of our little daughter Helen without bond, security or appraisement."

The testator died in 1904, and his widow, Caroline G. Tallman, qualified as executrix and as guardian of her daughter, Helen, giving a bond without security in the former capacity of $150,000, and in the latter of $75,000. Helen died in 1919, unmarried, at the age of 20. Mary Topping died in 1909, and Wilbur Tallman in 1914. There is no dispute that the plaintiffs are the persons entitled to one-half of the corpus of the estate under the second clause of the will, unless under the first clause one-half went to Helen in fee, and was inherited by her mother as her sole heir.

Plaintiffs filed their bill on October 12, 1922, alleging that they were entitled to a remainder in one-half of the estate after the death of Caroline G. Tallman; that Caroline G. Tallman had qualified as executrix and had mismanaged her trust, in that she had not made an inventory of the estate; that she had not kept the corpus and income separate; that she had improperly sold securities; that she had made incorrect application of a number of items; that she had not on request given plaintiffs an account of her management of the estate and the amount and condition of the trust funds. The bill asked for the removal of Caroline G. Tallman as executrix, the appointment of a receiver of the estate, and an accounting. The proceedings under the bill were as follows:

Defendant moved to dismiss the bill May 12, 1923; the motion was denied August 11, 1923; decree pro confesso was entered November 26, 1923, for failure to answer within five days as required by rule 29. After presentation by the plaintiffs of the bill and evidence in support of it on May 5, 1924, a decree of the District Judge was made May 13, 1924, removing Caroline G. Tallman "as trustee for plaintiffs as remaindermen," appointing the National Bank of Wheeling receiver of certain securities aggregating in value about $115,000, embraced in a list submitted by defendant to plaintiffs as representing the trust estate, and appointing a special master to take the accounts of the executrix and ascertain the amount and status of the property in controversy.

On May 20, 1924, the defendant again tendered a motion to dismiss the bill on the specific ground that testator's daughter, Helen, took under his will an absolute interest in one-half of the estate, which upon her death went by descent to her mother, Caroline G. Tallman. The court, as we understand the record, opened the default to the extent of hearing the motion to dismiss, and after argument again refused to dismiss the bill. The defendant then moved the court to open the decree pro confesso as to the appointment of a receiver. This motion was refused. A motion to open the default and allow the defendant to answer was also refused.

[1] No answer having been filed in 5 days after the motion to dismiss was denied, the decree pro confesso was properly entered under rule 29. The District Judge had discretion under rule 5 to suspend, alter, or rescind the decree pro confesso entered by the clerk. If, as defendant's counsel said, they were unable to restate the accounts so as to make a proper answer within the time, application should have been made to the District Judge to suspend the decree pro confesso for the requisite time. No such application having been made, and 30 days having elapsed from the entry of the decree pro confesso, the court rightfully heard the case on the bill and ex parte proof, and made the decree absolute against the defendant. There is no ground to say that the discretion conferred on the District Judge by rule 17 was arbitrarily exercised to the extent that he refused to open the default.

[2] When the District Judge opened the decree of May 13, 1924, to the extent of allowing defendant's counsel to move to dismiss the bill on the new ground that the daughter Helen took an absolute estate in fee simple to the exclusion of the plaintiffs, the order refusing the motion to dismiss was the adjudication of a duly contested matter which is properly here for review on appeal from the decree of May 13, 1924. The correctness of this ruling of the court on the construction of the will was necessarily involved in the order appointing the receiver, for, if the plaintiffs have no interest in the estate, of course they have no right to a receivership.

[3] We agree with the District Judge in the construction of the will. Its language seems perfectly plain, and we are referred to no technicalities of construction in West Virginia which deny effect to the expressed intention of the testator. In the first clause the testator gives his estate to his wife and child, one-half to each, and then he said in

the second clause, if his wife should be the survivor, she should have the use of the daughter's share for her life, and that it should then go to the persons now represented by the plaintiffs. The gift of the absolute estate appearing from the first clause was thus cut down to a life estate by plain and unequivocal language, intended to be read with the first clause. Henry v. Haymond, 77 W. Va. 173, 87 S. E. 78; Criner v. Geary, 78 W. Va. 476, 89 S. E. 149. It follows that the widow took one-half of the estate absolutely, that she had the right as executrix and guardian of her daughter to the custody and control of the other half, both corpus and income, on the trust to apply the income for the benefit of her daughter Helen until her death, and after that event on the trust to take the income of that half for herself, and to safely keep the corpus for the remaindermen entitled to receive it at her death.

[4, 5] The other important action of the District Judge was the appointment of a receiver of securities in the hands of the executrix of the value of $115,000. We consider first to what extent the decree of May 13, 1924, entered upon the default of the defendant, is reviewable on appeal. In Ohio, etc., R. R. v. Central Trust Co., 133 U. S. 83, 91, 10 S. Ct. 235, 237, 33 L. Ed. 561, the court said as to the proceedings under the bill after default:

"If the allegations are distinct and positive, they may be taken as true without proof; but if they are indefinite, or the demand of the complainant is in its nature uncertain, the requisite certainty must be afforded by proof. But in either event, although the defendant may not be allowed, on appeal, to question the want of testimony or the insufficiency or amount of the evidence, he is not precluded from contesting the sufficiency of the bill, or from insisting that the averments contained in it do not justify the decree."

The same rule is laid down in Thomson v. Wooster, 114 U. S. 104, 114, 5 S. Ct. 788, 29 L. Ed. 105, and in Winters v. United States, 207 U. S. 564, 575, 28 S. Ct. 207, 52 L. Ed. 340. We are therefore required to decide whether the facts set out in the bill, taken as true, justify breaking into the trust which the testator reposed in the defendant by the appointment of a receiver.

There is no averment of insolvency; on the contrary, it appears from the bill that one-half of the estate, which is alleged to be worth more than $350,000, belongs absolutely to the executrix. The utmost inference that could be drawn against the executrix from the charges is that she had made serious mistakes in her accounts, resulting in confusion, that she has mistaken her right in selling securities, and that she is unable to straighten out her accounts, so as to show the plaintiffs the amount of the trust fund. The accounting ordered before a master, to rectify the accounts and ascertain the trust fund in the hands of the executrix, is a sufficient remedy for these conditions. The ample solvency of the executrix and her ability to respond to any order of the court concerning the trust fund prevent any apprehension of the danger of loss of any part of it. The plaintiffs themselves affirmatively proved by the correspondence the desire of the executrix to make a proper accounting, and her offer of all of her books and accounts for the scrutiny of plaintiffs' counsel, to the end that he might aid in correcting mistakes.

[6] Defendant's husband, whose chief solicitude was manifestly for his wife and daughter, placed his entire estate in her hands without security. He reposed in her, as he had the right to do, the confidence and trust of holding and managing one-half of the estate, in which she had only a life interest until her death. Under these circumstances, the trust fund will not be taken from her under a bill which alleges nothing more than mistakes in management, without any showing of peril to the remaindermen under the trust. Appointment of a receiver of an estate intrusted by testator to an executor or trustee is a very strong measure, and will be made only when it clearly appears necessary to protect and preserve the trust property. There should be clear proof of misconduct or fraud, and danger of loss. Wise v. Hinegardner (W. Va.) 125 S. E. 579; 23 R. C. L. 28; 34 Cyc. 63; note, 72 Am. St. Rep. 63. We think, therefore, that the bill did not make a case for the appointment of a receiver, and the decree in this respect must be modified. The modification of the decree of the District Judge, however, is without prejudice to the right to plaintiffs to apply for the appointment of a receiver, and to the power of the District Judge to make the appointment, if at any time in the progress of the case the receivership should be necessary for the preservation of the estate in remainder.

Modified.