**E. F. STEVENS et al., Petitioners, v. COMMISSIONER OF INTERNAL REVENUE.**

No. 8917.

Circuit Court of Appeals, Eighth Circuit.

May 3, 1930.

G. A. Youngquist, Asst. Atty. Gen., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, of Washington, D. C., for respondent.

PER CURIAM.

Petition to review docketed and dismissed without costs to either party in this court, on motion of respondent.

**SYLVESTER OIL COMPANY et al. v. Charles A. STONE et al.**

No. 98.

Circuit Court of Appeals, Tenth Circuit.

Aug. 26, 1929.

William E. Mullen, of Cheyenne, Wyo., and Freeman, Thelen & Freeman, of Great Falls, Mont., for appellants.

Willis Bacon, of Akron, Ohio, and Matson & Swainson, of Cheyenne, Wyo., for appellees.

Before LEWIS, COTTERAL, and PHILLIPS, Circuit Judges.

PER CURIAM.

Dismissed August 26, 1929, on stipulation.

**Caroline G. TALLMAN, as Executrix of the Will of Albert P. Tallman, as Guardian of Helen Tallman, and Personally and in Her Own Right, Appellant, v. George T. LADD, Louis W. Ladd, Elizabeth Barrett, Ellen T. English, and Henry Topping, Appellees.**

No. 3029.

Circuit Court of Appeals, Fourth Circuit.

July 11, 1930.

J. M. Ritz, and J. Bernard Handlan, both of Wheeling, W. Va., for appellant.

George R. E. Gilchrist, of Wheeling, W. Va., for appellees.

Before NORTHCOTT, Circuit Judge, and GRONER and COCHRAN, District Judges.

PER CURIAM.

The only point raised on this appeal is the question of the appointment of a receiver by the court below, on the 15th of November, 1929, of an estate in remainder. This case has been before this court on the same point, Tallman v. Ladd et al., 5 F.(2d) 582, when a decree of the court below appointing a receiver for this same estate was reversed. A statement of the facts of the case will be found in the decision in that case. At that time it was held that "the bill did not make a case for the appointment of a receiver." Since the former decision, the bill has not been amended, and there have developed no facts which would, in our opinion, make any more necessary the appointment of a receiver than formerly. On the contrary, the record discloses that the personal estate of appellant is greater than it was at the time of the former decision; that the appellant has never been put in possession of the estate in controversy since the former decision of this court, and that no facts have developed that would in any way prove that appellant has been guilty of fraud or gross mismanagement of the estate. Attorneys for appellant stated in the argument before this court that there was no intention on their part to endeavor to change the custody of the estate pending the final settlement of the case.

Under these conditions, the decree of the court of November 15, 1929, appointing a receiver to take over the property mentioned in said decree, was erroneous, and the said decree is reversed.