LULA FISHER *et al. v.* WEST VIRGINIA GAS CORPORATION *et al.*

(No. 9655)

Submitted April 14, 1945. Decided May 15, 1945.

*C. W. Good,* for appellants.
*F. B. Shannon* and *Oliver D. Kessel,* for appellees.

LOVINS, PRESIDENT:

Lula Fisher, Othel Arnold Fisher, Charles Robert Fisher, Lorena Mae Fisher, Bonnie Dale Fisher, the widow and heirs at law of Ben Fisher, instituted this suit in the Circuit Court of Jackson County against N. A. Cunningham, Ocie Cunningham, Clessie Cunningham, Leona Cunningham, Emma Honaker, Hattie Cottrill, and Bessie Bibbee, the widow and heirs at law of William T. Cunningham, and West Virginia Gas Corporation. The trial

court entered a decree adverse to the individual defendants.

John M. Fisher by will dated May 14, 1877, probated July 1, 1877, made certain devises and bequests to his wife, daughters and Abraham Wolfe. By the same will he also devised a tract of land situate in Jackson County, West Virginia, to his nephew, Charles L. Fisher. The provisions of the will pertinent to the issues here presented read as follows: "* * * I give and bequeath to my daughter, Eliza Ann Ranson, fifty acres of land running the same as the Stiles line which she shall hold and enjoy during her life and at her death shall go to her bodily heirs. I give and bequeath to Charles L. Fisher, my nephew, sixty acres of land, fifty acres of which has been run off, and ten acres beginning at a beech corner known as the Bushrod Harrison corner running N. so as to include ten acres to be added to the fifty to make the sixty acres. He is to have and enjoy said land during his natural life and if the said C. L. Fisher dies without bodily heirs the said land shall revert back to the heirs of John M. Fisher. And lastly as to all the rest residue if any or remaining of my *personaly* estate goods and Chattels of what kind and nature *soever* I give and bequeath the same to my said beloved wife, Mary Ann * * *." This suit relates only to the sixty-acre tract of land devised to Charles L. Fisher.

It is alleged in the bill and answer of the individual defendants that by deed bearing date February 28, 1878, Mary Ann Fisher, Lucinda Fisher, Eliza Ranson and Marshall Ranson, her husband, Mariam Wolfe and Abraham Wolfe, her husband, Lucinda Young and John Young, her husband, Melissa Casto and Perry Casto, her husband, and Harriett Lane, heirs at law of John M. Fisher, the testator, conveyed all of their right, title and interest in and to the sixty-acre tract to Charles L. Fisher. But such deed of conveyance is not made a part of the record and we refrain from expressing any opinion as to the effect of said deed.

Charles L. Fisher and wife conveyed the land to Christopher C. Cunningham by deed bearing date December

16, 1880. Cunningham and wife conveyed the same to William T. Cunningham on a date not disclosed by the record.

Charles L. Fisher died intestate February 18, 1938, leaving Ben Fisher,.his son, surviving. The son died intestate October 19, 1939, leaving his widow, Lula Fisher, and the other named plaintiffs as his heirs at law, two of whom are infants. William T. Cunningham died May 10, 1938, intestate, leaving surviving him N. A. Cunningham, his widow, and six other individual defendants as his heirs at law.

The plaintiffs, together with the wives of Othel Arnold Fisher and Charles Robert Fisher, executed a lease to West Virginia Gas Corporation, by which the corporation was authorized to drill and produce natural gas from the sixty-acre tract of land and which provided that lessors should receive as royalty one-eighth of the market value of said gas. The individual defendants executed a similar lease to the same lessee. The lessee by virtue of a unitization agreement executed by the plaintiffs, defendants and other persons unnamed, entered on the land and other lands covered by said agreement, and is now producing gas from said wells in paying quantities. The part of the royalties derived from such wells and belonging to the owners of the sixty-acre tract of land amounted to $417.47 as of December 31, 1943.

Plaintiffs contend that a proper construction of the will of John M. Fisher vested a life estate only in Charles L. Fisher, and that Ben Fisher, his surviving son, took an implied remainder in fee under the will; that plaintiff, Lula Fisher, is entitled to consummate dower therein; that the other plaintiffs are the owners of said sixty-acre tract of land by descent from their father, Ben Fisher, subject to such dower; that they are entitled to payment of accrued and future royalties; and pray for an accounting from West Virginia Gas Corporation as to the amount of royalties accrued.

In opposition the individual defendants assert their right to payment of the royalties and contend that the

will of John M. Fisher vested a defeasible fee in Charles L. Fisher, which became a fee simple upon his death leaving surviving him a son, Ben Fisher; that the conveyance of the sixty-acre tract of land by Charles L. Fisher to Christopher C. Cunningham vested a fee in the latter, which, in turn, was conveyed to William T. Cunningham and that from the latter six of the individual defendants take a fee simple estate in said land by the law of descent, subject to the consummate dower of N. A. Cunningham.

West Virginia Gas Corporation takes the position that it does not know who is the lawful owner of the oil and gas underlying said sixty-acre tract of land; that it has no interest in the subject matter of this litigation other than to determine said ownership; and prays that adjudication of such ownership be made and that it be directed to pay the royalties to the persons entitled thereto.

The suit was heard on the bill of complaint and will of John M. Fisher exhibited therewith; the demurrer of the defendants to the bill of complaint; the joint and several answer of the individual defendants, a certified copy of the deed of conveyance from Charles L. Fisher to Christopher C. Cunningham being exhibited with said answer; and the separate answer of the West Virginia Gas Corporation. The trial chancellor overruled the demurrer to the bill of complaint and entered a decree that the tract of land is owned equally by the heirs of Ben Fisher, subject to the consummate dower of his widow, Lula Fisher; that the said plaintiffs, according to their respective rights, are entitled to proportionate shares of the royalties accruing under their lease to West Virginia Gas Corporation; that said corporation pay all royalties to plaintiffs; and that a certified copy of the final decree be recorded in the office of the Clerk of the County Court of Jackson County. From this decree the individual defendants prosecute this appeal.

This case turns on the application and interpretation of the will of John M. Fisher. Did the will devise a life estate to Charles L. Fisher or a defeasible fee? If only a life estate was devised to Charles L. Fisher, did the heirs

of his body take a vested remainder under the provisions of the will? Opinions in adjudicated cases construing wills do not in all instances serve as a guide, as the particular facts of each case are generally controlling. *Cole* v. *Cole et al.,* 79 W. Va. 251; *Smith* v. *Schlegel,* 51 W. Va. 245, 250, 41 S. E. 161. However, some of the basic principles of the law of wills have general application. The intention of the testator, if not contrary to some well-defined rule of law, is controlling. *In Re: Conley,* 122 W. Va. 559, 561, 12 S. E. 2d 49; *Hooper et al.* v. *Wood et al.,* 97 W. Va. 1, 125 S. E. 350. See Michie's Digest, Vol. 9, Title Wills, Section 103. The intention of the testator must be ascertained from the words he has used in his will, giving such words their true meaning rather than conjectural or suppositious significance. *Neal* v. *Hamilton Co.,* 70 W. Va. 250, 73 S. E. 971. Defendants contend that the words "* * * I give and bequeath to Charles L. Fisher, my nephew, sixty acres of land * * * so as to include ten acres to be added to the fifty to make the sixty acres.", is a complete sentence and devised the land to him in fee subject to a defeasance in the event of the devisee's death leaving no heirs of his body surviving, and that the language following such devise to the effect that he shall have and enjoy the land during his natural life should not be applied to reduce the estate devised from a fee to one for the life of the devisee.

This Court held in *Houser et ux.* v. *Ruffner, Adm'r., et al.,* 18 W. Va. 244, that, "When a testator uses in one part of a will words having a clear meaning in law, and in another part words inconsistent with the former, the first words are to be cancelled and overthrown, only when the two provisions are totally inconsistent with each other, and where the real intention of the testator cannot be ascertained." The principle laid down in the foregoing quotation has been approved by this Court in *Smith* v. *Schlegel, supra; Martin* v. *Martin,* 52 W. Va. 381, 391, 44 S. E. 198. But considering the entire will, if a part thereof clearly expresses an intent to reduce an estate given by another part of the will, that intention will be given effect. *Dolan* v. *Eskridge,* 68 W. Va. 393, 69 S. E. 855. Here the testator

in clear and understandable language provided that his nephew, Charles L. Fisher, should "have and enjoy said land during his natural life". That language is as clear as the provision relied on as having devised the land in fee. The meaning of the words used by the testator in devising a life estate to his nephew admits of no construction, and nothing remains except to give it effect. We reach the conclusion that Charles L. Fisher took only a life estate in the land by the will of John M. Fisher. For reasons hereinafter stated we express no opinion as to Charles L. Fisher's estate in the land at the time of the conveyance to Christopher C. Cunningham.

Plaintiffs contend that the words "and if the said C. L. Fisher dies without bodily heirs the said land shall revert back to the heirs of John M. Fisher", by implication devised a remainder in fee to the heirs of the body of Charles L. Fisher and that Ben Fisher, the son of Charles L. Fisher, took as remainderman under the will.

We note that Charles L. Fisher left one son, and that the will refers to the heirs of his body. The singular and plural of the word "heir" when used in a will are interchangeable. *Stokes et al.* v. *Van Wyck et al.,* 83 Va. 724, 3 S. E. 387.

In the well-considered case of *Graham* v. *Graham,* 23 W. Va. 36, 42, the subject of devises by implication is discussed at length. We think that the rule there stated is sound: "The testator must express his intention, or use such language as will enable the court to ascertain what his intention is in order to make it effectual. (*Pickering* v. *Langdon,* 22 Me. 413.) When implications are allowed they must be such as are necessary, or at least highly probable, and not merely possible. In construing a will conjecture must not be taken for implication. Necessary implication means so strong a probability of intention that any intention contrary to that imputed to the testator cannot be supposed.

"The whole will taken together must produce the conviction, that the testator's intention was to create the

estate raised by implication." *Graham* v. *Graham, supra.* The foregoing principle enunciated in the *Graham* case has been approved by this Court in the cases of *Bartlett* v. *Patton,* 33 W. Va. 71, 10 S. E. 21; *Barker* v. *Haner,* 111 W. Va. 237, 161 S. E. 34. Here John M. Fisher did not express his intention to devise the land in remainder to the heirs of the body of Charles L. Fisher. He uses no language from which this Court can say that he so intended.

It will be observed that the testator in making the devise to his daughter, Eliza Ann Ranson, provided that the land devised to her "at her death shall go to her bodily heirs." The devise to the daughter immediately precedes the devise to the nephew and it is significant that the testator clearly provided for a remainder to the heirs of the body of his daughter, and did not express a like intention as to the heirs of the body of his nephew. To us this is a clear indication that the testator had no intention to devise a remainder to the heirs of the body of his nephew.

We have examined the opinion in *Wine* v. *Markwood,* 31 Gratt. 43. The Court there held that the testator's intention was sufficiently expressed or "at least implied." In this case we do not think the intention of the testator to devise a remainder to the heirs of the body of Charles L. Fisher is expressed or implied. *Graham* v. *Graham, supra.* See *Bond* v. *Moore,* 236 Ill. 576, 86 N. E. 386. The testator does not use such language as to express imperfectly or otherwise an intention to create an estate in remainder in the heirs of the body of his nephew. A court has no authority to interpolate words in a will. *Neal* v. *Hamilton Co., supra.* To uphold the contention of the plaintiff, it would be necessary that we interpolate in the will of John M. Fisher the following language or language of like import: *If he die leaving heirs of the body him surviving, then to such heirs.* We hold that no remainder was devised to the heirs of the body of Charles L. Fisher by implication.

Had Charles L. Fisher died without heirs of his body

surviving, the heirs of John M. Fisher would have taken under the will; but Charles L. Fisher having died leaving a son surviving, the land descended to the heirs of the testator under the statute of descent. It will be noted that the residuary clause of John M. Fisher's will bequeathed only personal property and does not purport to be a residuary devise of real estate.

We are mindful that there is a presumption against intestacy, as well as a presumption against disherison, which have been contrasted as follows: "It was held by this Court in *Houser* v. *Ruffner*, 18 W. Va. 244, that in construing wills, words and expressions of doubtful meaning will not be construed, if it can be avoided, so as to create an intestacy. The testator having made his will will be presumed to have intended to dispose of his whole estate, unless the contrary plainly appear. While this is true, there is another rule quite as binding on the court in the construction of a will, viz., that an heir must not be disinherited unless it is done by express terms of the will or by necessary implication. * * * In *Creswell* v. *Lanson*, 7 Gill. & Johns, 227, it was held that an heir being favored in law, there should be no strained construction to work a disherison, where the words are ambiguous." *Graham* v. *Graham, supra,* page 40.

The provisions of John M. Fisher's will are not sufficient to devise by implication an estate in remainder, to the heirs of the body of Charles L. Fisher, and we therefore hold that plaintiffs have not shown themselves entitled to payment of the royalties here claimed by them.

As hereinabove stated, it is alleged that the heirs of John M. Fisher conveyed the land here in question to Charles L. Fisher. The record does not disclose whether the deed to Charles L. Fisher from the heirs of John M. Fisher was sufficient to pass the title to the individual defendants under the doctrine of inurement of title. We therefore express no opinion as to whether the defendants are entitled to payment of the royalties claimed by them.

The decree of the Circuit Court of Jackson County is reversed, and this suit is remanded for such further pro-

ceedings with reference to the right to payment of the royalties as any party in interest may be advised.

*Reversed and remanded.*