OF THE

# SUPREME COURT OF APPEALS

OF

# WEST VIRGINIA

## CHARLESTON

HARRIS et al., TRUSTEES, v. NEAL et al., EXECUTORS.

Submitted June 12, 1906.   Decided November 27, 1906.

1. CHARITIES—*Application of Doctrine of Cy-pres.*
   A case in which the plaintiffs fail to bring their cause within the doctrine of Cy-pres, if said doctrine should be held to be in force in this State.   (p. 6.)

Appeal from Circuit Court, Wood County.

Bill by T. A. Harris and others against J. B. Neal and others.   Decree for defendants, and plaintiffs appeal.

*Reversed.   Bill Dismissed.*

H. P. CAMDEN, for appellants.

TALBOTT O. BULLOCK, for appellees.

McWHORTER, PRESIDENT:

Andrew G. Clark, a practicing physician of the City of Parkersburg, on the 21st day of July, 1893, made and signed his last will and testament, written wholly in his own handwriting, which will starts out in the following manner:

"Sept. 24, 1892, was my 83rd birthday & conscious of a gradual progressive diminution of vital force & that the end may come at any time, I do make this, in my own handwriting, my last will & testament.

I remit to those indebted to me all charges for professional services whether by note or open account," &c. After providing for the payment of various bequests and legacies he disposes of the residue of his property as follows:

"All the residue & remainder of my estate real & personal of which I shall die seized & possessed, or to which I may be entitled at the time of my decease my executor's will convert into money as soon as may be without sacrifice & hand over to Drs. T. A. Harris, W. N. Burwell, John H. Kelly, T. B. Camden & W. H. Sharp, in trust, for the purpose of purchasing the Gale property at the eastern end of Market Street, or other suitable property, for the establishment of a City Hospital—The amount of this Hospital bequest I suppose will be about Ten Thousand dollars. It is the desire of the testator that the sick poor should be treated without charge or with as little expense as possible, though so far as the testator is concerned the plans, management & conduct of the Hospital are left to the judgment & discretion of the above named Trustees. It may be that others will contribute additional sums so as to place the institution on a larger & more useful scale;" and named and appointed J. B. Neal and Kinnaird Snodgrass executors of his said will without bond.

On the 10th day of November, 1902, the said will was admitted to probate in the county court of Wood county. The trustees, named in the residuary clause of said will providing for the establishment of said hospital, being of opinion that the sum so appropriated by the will, although amounting to more than two and a half times, and probably three times, more than the testator supposed would be in the fund, would be insufficient to carry out the purpose of the testator in the manner indicated by him in his will, filed their bill in the circuit court of Wood county making the executors, Neal and Snodgrass, defendants to the bill, praying the court to instruct the plaintiffs in the bill "as to their power, rights and duties under the said will and to interpret the same as to whether the purchasing of the privilege of beds for the sick poor in hospitals already erected, established and equipped and invest the principal in good and safe paying interest bearing securities would meet the requirements of the said will of the said deceased, and if so, to instruct your orators as said trustees accordingly;" and for general relief.

The subpœna in chancery seems to have been served personally on the executors, Neal and Snodgrass, but they made no appearance to said bill in any manner or form, nor does it appear that said cause was matured at rules for hearing. Depositions of the several plaintiffs and of Neal and Snodgrass, purporting to be taken in February, 1903, to be read as evidence on behalf of the plaintiffs, are copied in the record, which depositions of the plaintiffs themselves express their several opinions as to the sufficiency of the fund provided by the will to carry out its provisions in the manner indicated by the testator. And on the 11th day of August, 1903, the circuit court entered the following decree, which is the only decree or order of any kind or character appearing to have been made or entered in the cause:

"This cause came on this day to be heard upon the bill and exhibits filed therewith; upon the depositions of sundry witnesses taken, filed and read on behalf of the plaintiffs; and was argued by counsel for plaintiffs; upon consideration thereof, the court is of opinion, and doth, adjudge and decree, that the true construction of the will of Andrew G. Clark, deceased, is that the said Andrew G. Clark by his declaration contained in his will, which is as follows: 'All the residue and remainder of my estate real and personal of which I shall die seized and possessed or to which I am entitled at the time of my decease, my executors will convert into money as soon as may be without sacrifice and hand over to Doctor T. A. Harris, W. N. Burwell, John H. Kelly, T. B. Camden and W. H. Sharp, in trust for the purpose of purchasing the Gale property at the east end of Market Street, or other suitable property for the establishment of a City Hospital,' meant and intended thereby that said remainder referred to in said clause of his will should be applied by his trustees either to the purchase of the Gale property or some other property leaving the property to be purchased at the discretion of his said trustees and that upon this property so purchased they were to establish a City Hospital at which the sick poor were to be treated without charge or with as little expense as possible, giving to his said trustees full discretion in the plan, management and conduct of said hospital.

"Wherefore, the court doth adjudge, order and decree as

follows:   That the said trustees T. A. Harris, W. N. Bur-
well, John H. Kelly, T. B. Camden and W. H. Sharp do and
shall invest the amount of money in their hands from the
estate of Andrew G. Clark, deceased, as set apart by him in
his said will for the purpose of purchasing land and the es-
tablishment of a city hospital thereon; in some real property
and establish thereon a hospital for the City of Parkersburg,
using their best discretion in the selection of the property to
be purchased by them, at which hospital the sick poor shall
be treated without expense or with as little expense as possi-
ble; and that the plan, management and conduct of the said
hospital when so established shall be left to the best judg-
ment and discretion of the said trustees named in the said
will, to-wit:   T. A. Harris, W. N. Burwell, John H. Kelly,
T. B. Camden and W. H. Sharp; and it is further by the
court ordered that the attorneys' fees and all costs connected
with this cause shall be paid out of the funds in the hands of
said executors of the estate of Andrew G. Clark, deceased.''

From this decree the plaintiffs in the bill appealed to this
Court and assigned as error that the court ''has misconstrued
the will of said Andrew G. Clark, deceased, and has limited the
powers of your petitioners, and has deprived them of all dis-
cretion in the premises, except to invest the funds in the
manner prescribed by said decree.''

It is contended by counsel for appellants that the clear in-
tention of the testator to devote the residuary fund to charity
and the particular kind of charity was specified by him, and
they ask for such a construction of the will as will enable
them to devote the fund to the particular charity mentioned
so as to effectuate what was the primary purpose and intention
of the testator, and they claim to have shown that the tes-
tator's mode of administering his charity has failed and that
the court should administer it under the doctrine of cy-pres,
at least in a modified form;   that is, that as it cannot be
carried out in the exact mode prescribed by the testator that
the trustees be authorized to administer the trust in a man-
ner as nearly that indicated by the testator as may be so as
to substantially carry out his purpose and intention.   Ap-
pellants contend that the prime object of the testator was to
provide relief for the sick poor of the City of Parkersburg; a
careful reading of the clause in question will not sustain that

contention.  The fund is created "for the purpose of pur-
chasing the Gale property at the eastern end of Market Street,
or other suitable property, for the establishment of a City
Hospital.  *  *  *  It is the desire of the testator that the
sick poor should be treated without charge or with as little
expense as possible" leaving "the plans, management and
conduct of the hospital to the judgment and discretion of the
trustees named," but no power or discretion is given the
trustees to divert the fund to any other mode of carrying out
the purpose of the testator in providing for a City Hospital
and incidentally thereby to extend the benefits thereof to the
sick poor of the City of Parkersburg.  And the testator sug-
gests that by the contributions of additional sums by others
the institution might be placed on a larger and more useful
scale, clearly indicating his purpose to provide a City Hos-
pital at which the sick poor might receive benefit.  It is not
made to appear that any effort has ever been made to either
buy the Gale or any other suitable property or to procure a
lot and erect a building for the purpose set forth in the will,
nor that anything has been done to enlist the interest of
philanthropists or charitably disposed persons to augment
the fund to enable the trustees "to place the institution upon
a larger and more useful scale."  The several trustees in
giving their testimony simply express their opinions or con-
clusions as to the impracticability of providing and main-
taining a hospital with the fund left by the testator for that
purpose.

The language of the will is free from doubt, and the inten-
tion of the testator is plainly and intelligibly expressed; and
when this is so the courts will refuse to apply technical rules
of construction.—30 A. & E. E. L. 663.  "The expressed
intention of the testator, to be ascertained from the whole
will, must govern when not in conflict with any settled rule
of law or property."—4 Cur. Law, 1898, and cases cited.  And
it is there further said:  "It is the duty of the court to con-
strue the will which the testator has made and not to specu-
late as to his intention, or to make a will for him.  Hence
there is no room for construction when the intent clearly ap-
pears from the four corners of the will itself."  The testator,
Andrew G. Clark, supposed, when he made his will, as dis-
tinctly therein expressed, that the residue of his estate ap-

plicable to the purpose intended by him was only about ten thousand dollars, but that it would be sufficient for a beginning and he evidently contemplated a growth of the institution after it should be established; and this beginning was to be made with the supposed amount of ten thousand dollars, when in fact it turns out to be not far, if any, short of three times the amount named. Dr. Clark was a practicing physician, evidently of fair standing in his profession as well as otherwise in the community, having considerable property which he seemed to know how to distribute or dispose of when preparing to depart this life; he seemed to be capable and intelligent and he has expressed his intention plainly and intelligibly without ambiguity, leaving no room for construction. The appellants having failed to make such case as will authorize the court to so construe the will as to allow the appellants to administer the funds provided in the residuary clause thereof in a manner other than that clearly expressed by the testator therein; for the reasons herein stated the decree entered in the cause by the circuit court of Wood county will be reversed and the bill dismissed.

<div align="right">

*Reversed.   Bill Dismissed.*