### 12599. ÆTNA INSURANCE COMPANY OF HARTFORD *v.* GRIFFIN.

1. If error was committed by the court in allowing the petition to be amended so as to allow the case to proceed in the name of Mrs. Ella Harris "in her own right" for the recovery of $500, the amount of the insurance on the furniture, this did not result in injury to the defendant; as the error, if any, was cured by the court directing a verdict against her as to this item.

2. The court erred in directing a verdict in favor of Mrs. Harris for the use of C. C. Griffin, for $2,500, the amount of insurance on the dwelling. The evidence shows that the contract sued upon had been extinguished by a new agreement between Forman and the insurance company, which amounted to an accord and satisfaction binding upon both parties. (BLOODWORTH, J., dissents.)

                    DECIDED JULY 13, 1922.

Action on insurance policy; from city court of Americus — Judge Harper. June 15, 1921.

*Spalding, MacDougald & Sibley, Shipp & Sheppard,* for plaintiff in error.

*R. L. Maynard,* contra.

PER CURIAM. To make clear the foregoing ruling it is only necessary to add the following statement of facts: On May 16, 1914, the Ætna Insurance Company issued to Mrs. Ella Harris a fire-insurance policy for $3,500, $2,500 of which was on the dwelling, $500 on out-houses, and $500 on furniture. On March

20, 1912, Mrs. Harris obtained a loan for $4,000 from George M. Forman, and, as security, pledged to Forman the land upon which said buildings stood, and which is in Worth county, Georgia. To the insurance policy was attached a "New York standard mortgagee clause," in which occurs the following: "Loss or damage, if any, under this policy, shall be payable to George M. Forman as first mortgagee (or trustee), as interest may appear; and this insurance, as to the interest of the mortgagee (or trustee) only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property, nor by any foreclosure or other proceeding or notice of sale relating to the property." In February, 1919, the dwelling-house and furniture were completely destroyed by fire. In March, 1919, Mrs. Harris filed with the insurance company proper proofs of loss, but payment was refused. On May 5, 1919, Forman obtained a judgment against Mrs. Harris for the principal, interest, and attorney's fees due on the debt which was secured by the deed to the land on which the buildings were located. On May 19, 1919, Forman, for the purpose of levy and sale, reconveyed the land to Mrs. Harris, and filed the deed with the clerk of the superior court of Worth county. After duly advertising the land, the sheriff sold it on the first Tuesday in December, 1919, to C. C. Griffin, the plaintiff in this case. Forman made the following entry on the policy: "The title to property described herein, and the debt which said property was conveyed to secure having been this day transferred and assigned to C. C. Griffin of Sumter county, Georgia, all rights hereunder is [are?]hereby transferred and assigned to said C. C. Griffin." The petition was so amended that the case proceeded in the name of Mrs. Ella Harris, for the use of C. C. Griffin, for $2,000, the amount of insurance on the dwelling, and in her own right for $500, the amount of insurance on the furniture. To the allowance of this amendment the defendant objected upon the ground that "plaintiff sought to introduce by said amendment a new and distinct cause of action, and upon the further ground that said plaintiff sought to introduce by said amendment a new and distinct party." This motion was overruled, and exceptions pendente lite were filed. The plea of the defendant, as amended, denied liability, and, among other things, alleged that as to Mrs. Harris the policy became void because

of the fact that no notice of the proceeding to foreclose the mortgage was given by Forman to the insurance company; and that a certain agreement had been entered into between Forman and the insurance company, that amounted to an accord and satisfaction of Forman's claim for insurance. After hearing the evidence the judge directed a verdict for the plaintiff, Mrs. Harris, for the use of Griffin, for $2,500, and against Mrs. Harris individually. To the direction of this verdict the defendant excepted.

*Judgment reversed. Broyles, C. J., and Luke, J., concur. Bloodworth, J., dissents.*