### 15111. HARRIS, for use, etc., *v.* ÆTNA INSURANCE COMPANY.

The assignment written on the back of the "mortgagee clause" attached to the fire-insurance policy and signed by the person there named as mortgagee, in which it is stated that "The title to property described herein, and the debt which said property was conveyed to secure, having been this day transferred and assigned to C. C. Griffin, . . all rights hereunder are hereby transferred and assigned to said C. C. Griffin," must be construed as referring to rights under the policy, and not to any rights that the assignor had under an agreement amounting to an accord and satisfaction between him and the insurance company as to the claim arising from destruction of the insured property by fire, upon which agreement this suit was brought by the insured for the use of the above-named transferee. The court therefore did not err in dismissing the action, on general demurrer.

DECIDED APRIL 16, 1924. REHEARING DENIED MAY 14, 1924.

Complaint; from city court of Americus—Judge Harper. October 12, 1923.

*R. L. Maynard,* for plaintiff.

*Spalding, MacDougald & Sibley, James W. Smith,* for defendant.

BROYLES, C. J. When this case was here before, the suit was upon a policy of insurance, and this court held that under the evidence submitted the contract of insurance sued upon had been extinguished by a subsequent agreement entered into by Forman (the mortgagee named in the mortgagee clause attached to the insurance

policy) and the insurance company, and that this agreement amounted to an accord and satisfaction binding upon both parties. Ætna Insurance Co. v. Griffin, 28 Ga. App. 774 (2) (113 S. E. 224). The suit now under review is upon the new agreement entered into by Forman and the insurance company, and was brought by Mrs. Harris, the insured, for the use of C. C. Griffin, the transferee of Forman, under the following assignment (which was subsequent to the new agreement and written upon the back of the mortgagee clause attached to the policy of insurance) : "The title to property described herein, and the debt which said property was conveyed to secure, having been this day transferred and assigned to C. C. Griffin of Sumter County, Ga., all rights hereunder are hereby transferred and assigned to said C. C. Griffin. This Nov. 29, 1919. George M. Forman. Witness: E. Larson."

The words in the assignment, to wit, "all rights hereunder are hereby transferred and assigned to said C. C. Griffin," must be construed as referring to all rights under the policy of insurance, and not to any rights which Forman may have had under the new agreement. The plaintiff, therefore, had no right to sue upon that agreement, and the court properly dismissed the petition upon general demurrer.

*Judgment affirmed. Luke, J., concurs. Bloodworth, J., concurs specially.*

BLOODWORTH, J., specially concurring. Because I am bound by the majority opinion in the case of *Ætna Ins. Co.* v. *Griffin,* supra, I concur in the judgment in this case.