15817.    HARRIS, for use, etc., *v.* ÆTNA INSURANCE COMPANY OF HARTFORD.

Having held in *Ætna Insurance Co.* v. *Griffin,* 28 *Ga. App.* 774 (113 S. E. 224), that the contract here sued upon was "extinguished by a new agreement between Forman and the insurance company, which amounted to an accord and satisfaction binding upon both parties," this court in the present case is bound by that decision, and holds that the trial court did not err in striking the defendant's plea and directing a verdict for the defendant.

DECIDED NOVEMBER 13, 1924.

Complaint; from city court of Americus—Judge Harper. June 18, 1924.

*R. L. Maynard,* for plaintiff.

*Spalding, MacDougald & Sibley, James W. Smith,* for defendant.

LUKE, J. As a statement of facts in this case was made in a former decision (*Ætna Insurance Co.* v. *Griffin,* 28 *Ga. App.* 774, 113 S. E. 224), we shall make only such reference to the facts and pleadings as will illustrate this decision. Mrs. Ella Harris, for the use of C. C. Griffin, transferee of George M. Forman, sued the Ætna Insurance Company on a certain fire-insurance policy covering, among other property, a dwelling-house belonging to and insured in the name of the said Mrs. Harris for $2500, Forman having previously loaned Mrs. Harris $4000 and taken, as security for the debt, a deed to the land on which the said dwelling was situated, and being, under a "New York standard mortgagee clause" attached to the policy, the beneficiary as his interest might appear. In February, 1919, the dwelling was completely destroyed by fire. Proper proofs of loss were duly filed with the company by Mrs. Harris, and payment was refused. On May 5, 1919, Forman obtained a judgment against Mrs. Harris upon his $4000 loan, and in December, 1919, the land conveyed as security for the loan was sold at sheriff's sale to C. C. Griffin for $2500. On November 29, 1919, Forman made the following entry on the policy: "The title to property described herein. and the debt which said prop-

erty was made to secure, having been this day transferred and assigned to C. C. Griffin, of Sumter County, Georgia, all rights hereunder are hereby transferred and assigned to said C. C. Griffin." On September 29, 1919, the defendant amended its answer by pleading that the contract sued on became void as to the plaintiff, because "no notice of the foreclosure proceeding" was given by Forman to the company, as required by the terms of the "mortgagee clause" of the policy. On the same day, by another amendment, the defendant pleaded that Forman and the company entered into an agreement which amounted to an accord and satisfaction of Forman's claim under the policy. The judgment of the trial court directing a verdict for the plaintiff was reversed, this court holding as follows: "The court erred in directing a verdict in favor of Mrs. Harris for the use of C. C. Griffin, for $2500, the amount of insurance on the dwelling. The evidence shows that the contract sued upon had been extinguished by a new agreement between Forman and the insurance company, which amounted to an accord and satisfaction binding upon both parties." This suit was upon the new agreement, and this court held (*Harris* v. *Ætna Ins. Co.,* 32 *Ga. App.* 48, 123 S. E. 27) that the assignment from Forman to Griffin, written on the policy of insurance and hereinbefore quoted, referred to "all rights under the policy of insurance, and not to any rights which Forman may have had under the new agreement," and that "the plaintiff, therefore, had no right to sue upon that agreement, and the court properly dismissed the petition upon general demurrer."

Counsel for the plaintiff in error frankly states in his brief, that "during the trial of the case [now under review] substantially the same testimony was introduced as was used in the former trial of the case;" that he is aware of the effect of the prior decision of this case by this court, and that he recognizes the rule that upon the same state of facts the decision of this court is the law of the case. He says, however, that the plaintiff has undertaken to eliminate from this case the amended plea of the defendant, setting up an accord and satisfaction, by his motion to strike said plea; and that he seeks to find relief from the prior decision of this court by showing that after a transfer of all the papers by Forman to Griffin, the company, by express declaration, repudiated the subsequent agreement, and that this restored the rights of the parties under the

original contract; and also that the subsequent agreement was illegal and void because the same was not indorsed in writing upon the policy, or attached thereto.

Bound by the prior decision of this court in 28 *Ga. App.* 774 (supra), we hold that the trial court correctly refused to strike the defendant's plea setting up that the contract declared upon had been extinguished by the new agreement, and that the direction of a verdict for defendant was proper. No reversible error occurred in the trial of the case, and the judgment of the trial court is · affirmed. This case needs no further elaboration. However, it may not be amiss to quote here from *Kerr Glass Mfg. Co.* v. *Americus Grocery Co.,* 13 *Ga. App.* 512 (79 S. E. 381), as follows: "A plaintiff is not permitted in the same action to treat a contract as subsisting and also to repudiate it. *Harden* v. *Lang,* 110 *Ga.* 392, 395 (36 S. E. 100); *Timmerman* v. *Stanley,* 123 *Ga.* 850, 853 (51 S. E. 760, 1 L. R. A. (N. S.) 379). A defendant is, however, permitted to assume inconsistent positions and file inconsistent pleas. If suit is brought on a contract, the defendant may plead that no contract was ever entered into, that if entered into it was procured by fraud and was therefore void, or that it was valid when made, and the consideration has partially or totally failed. If such inconsistent pleas are filed, the defendant is entitled to prevail if he sustains any one or more of them. Civil Code (1910), § 5649; *Mendel* v. *Miller,* 134 *Ga.* 610 (68 S. E. 430). The rule just stated is applicable whether the inconsistent pleas be filed in the first instance or be introduced by way of amendment to the original answer."

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*