LAWS *v.* DAVIS ET AL.

(Decided May 20, 1929.)

*Messrs. De Camp, Sutphin & Brumleve*, for plaintiff in error.

*Messrs. Peck, Shaffer & Williams*, for defendant in error Davis.

*Messrs. Buchwalter, Headley & Smith,* for defendants in error Bradford, Neff, and Armstrong.

*Mr. Walter M. Schoenle,* for defendant in error United Cigar Stores Company.

Ross, J. This case is here on error from a judgment of the court of common pleas of Hamilton county in favor of the plaintiff below, Eleanor Bradford Davis.

The original action was brought by Eleanor Bradford Davis to quiet title to certain property in the city of Cincinnati, and to enjoin present plaintiff in error, Florence B. Laws, and the defendants in error other than Eleanor Bradford Davis, from asserting any claim thereto.

The pertinent facts are: James Bradford, the father of Eleanora Bradford, on December 7, 1875, executed a will which became his disposing testament, and contained among other items the following:

"Item II. On the death of my said wife should my daughter Eleanora be unmarried, I will and devise the said homestead furniture, &c., to her so long as she remains single."

"Item IV. I hereby will and devise to my daughter Eleanora Bradford No. 44 Fifth Street being part of Inlot 168, and sixteen and a half feet in front on Fifth St. and thirty-three and a half feet west of Walnut—to be held by her during her natural life and at her death to her heirs at law in fee."

The testator died, and his will was probated. The daughter, Eleanora Bradford, entered upon the life tenancy, and, later, as life tenant, instituted a proceeding under the provisions of Sections 11925 to

11935, General Code, to lease the property in which she had a life estate, and in said proceeding declared that Florence B. Laws, her sister, and the other heirs at law of Eleanora Bradford, were all the persons interested in the estate, or who might become interested therein as remaindermen.

Thereafter, under and in strict compliance with the provisions of Section 8598, General Code, Eleanora Bradford designated the defendant in error Eleanor Bradford Davis as her heir at law. Eleanor Bradford Davis was not mentioned as one of the persons who might be interested in the lease proceeding. Eleanora Bradford never married, and died in January, 1927, leaving surviving her Eleanor Bradford Davis, who was her niece and designated heir at law, and also her three sisters, Florence B. Laws, plaintiff in error, Hannah B. Neff, and Blanche L. Bradford, and another niece, Hannah B. Armstrong, defendants in error.

The answer filed by the plaintiff in error, Florence B. Laws, alleged that under the will of James Bradford she was entitled to a one-fourth interest in the property held by Eleanora Bradford as life tenant.

The defendant in error Eleanor Bradford Davis, the designated heir, demurred to the answer, and the demurrer was sustained. The plaintiff in error not desiring to plead further, judgment was entered for defendant in error Eleanor Bradford Davis. To which judgment, the plaintiff in error, Florence B. Laws, has prosecuted error to this Court. The judgment below further recites:

"And the answers of the defendants Blanche L. Bradford, Hannah B. Neff and Hannah B. Arm-

strong, presenting no other or further defenses, and none of said defendants desiring to further plead, on motion of the plaintiff the court finds plaintiff entitled to a decree upon the pleadings."

It is urged that the court below erred in its judgment for the following reasons:

(1) That, notwithstanding the designation of Eleanor Bradford Davis by Eleanora Bradford as her designated heir at law under the provisions of Section 8598, General Code, Eleanor Bradford Davis did not qualify as an heir at law under the terms of item IV of the will of James Bradford, and that therefore Eleanor Bradford Davis has no right, title, or interest in the quarter of the estate claimed by the plaintiff in error, Florence B. Laws.

(2) That, upon the death of the testator, James Bradford, under General Code Section 10578, subject to the life estate of Eleanora Bradford, there was a vested remainder, in the property covered by item IV of the will, in the heirs at law of Eleanora Bradford *then in being,* and that no heir at law could be added to this class after the death of James Bradford, the testator.

(3) That, when Eleanora Bradford instituted the proceeding, under Section 11925 *et seq.,* General Code, and in said proceeding announced and declared her then heirs at law, who were or might be interested in the leasing of the property, she (Eleanora Bradford) and those claiming under her, through representation, were estopped to assert themselves as heirs at law of Eleanora Bradford, and that this proceeding to lease rendered thereafter the question of her heirs at law *res judicata.*

I. It is contended that Eleanor Bradford Davis

was not an heir at law under the terms of the will of James Bradford, and that, though designated by Eleanora Bradford under and in accordance with Section 8598, General Code, as the heir at law of Eleanora Bradford, she did not so become as far as the disposing clauses of the will of James Bradford were concerned.

Section 8598, General Code, reads as follows:

"A person of sound mind and memory may appear before the probate court of his county, and in the presence of such judge and two disinterested persons of his or her acquaintance, file a written declaration, subscribed by him, which must be attested by such persons, declaring that, as his or her free and voluntary act, he or she did designate and appoint another, naming and stating the place of residence of such person specifically, to stand toward him in the relation of an heir-at-law in the event of his or her death. If satisfied that such declarant is of sound mind and memory, and free from restraint, the judge thereupon shall enter that fact upon his journal, and make a complete record of such proceedings. Thenceforward the person thus designated will stand in the same relation, for all purposes, to such declarant as he or she could, if a child born in lawful wedlock. The rules of inheritance will be the same, between him and the relations by blood of the declarant, as if so born; and a certified copy of such record will be prima facie evidence of the fact stated therein, and conclusive evidence, unless impeached for actual fraud, or undue influence."

We are cited to cases in which our courts have refused to apply this section in favor of inheritance

by a designated heir, and to cases in which the somewhat similar statute of adoption is refused application. All of these cases fall in one of two classes, either cases involving intestacy, where the statute requires blood relationship in order to operate in transmitting inheritance, or where the terms of the will involved clearly indicate an intention that the adopted child or designated heir shall not take under the will.

The instant case is not a case of intestacy. It is a case involving the construction of the language used by the testator.

The language used by the Supreme Court in the case of *Albright* v. *Albright,* 116 Ohio St., 668, 157 N. E., 760, although involving a case of an adopted child, is expressive of our attitude toward the instant case. The court says at page 678 of 116 Ohio State, 157 N. E., 760, 763:

"This case, however, is not one of intestacy. It involves a deliberate devise of real estate, and the same rules of construction prevail as against the adopted child as would prevail against a natural child. If the testator left a will which excluded the natural child of his son Isaac he would be within his rights in so doing, and the question before us is whether in this instrument the testator did exclude persons not of the blood of his own family."

Under *Smith* v. *Hunter, Trustee,* 86 Ohio St., 106, 99 N. E., 91, the designated heir unquestionably qualifies, unless there is something in the will to exclude such heir, and in passing we note that, while the case of *Smith* v. *Hunter* has been distinguished by our Supreme Court, as in the case of *Albright* v.

*Albright, supra,* it has always been approved in principle.

The question is, then, Do the terms of the will of James Bradford exclude the designated heir, Eleanor Bradford Davis, from inheriting under item IV of the will?

It is contended that the provisions of item II of the will indicated that the testator intended to provide for his daughter, Eleanora Bradford, as long as she was a single person, permitting her to remain in the homestead property while unmarried. It is reasoned from this that the testator did not contemplate that she would designate an heir who would inherit under item IV of the will, and at the same time be enabled to retain her interest in the homestead under item II, being still an unmarried and single woman. We see no connection between the two items calling for such conclusion. Item II was evidently designed and framed with the idea that, if Eleanora married, she would have no use for the homestead, as her husband would presumably provide her a home.

Item IV contemplated that Eleanora might marry, and have a child, who would be her heir at law. There is nothing in the will to indicate that such child might not be an adopted child, or a designated heir, and that as such it should not inherit under the terms of item IV. We quote from the opinion in the case of *Sommers* v. *Doersam,* 115 Ohio St., 139, at page 148, 152 N. E., 387, 389:

"In this state the so-called designated heir statute, Section 8598, General Code (52 Ohio Laws, p. 78), was enacted shortly prior to our general adoption statutes, Section 8024 *et seq.,* General Code (67 Ohio

Laws, 14), but all were in full force and effect at the date of the execution of the will, and the testator is, of course, presumed to have had knowledge of their existence.''

As far as the statute is concerned, the language used is plain and simple.

Quoting from the opinion in the case of *Cochrel* v. *Robinson*, 113 Ohio St., 526, at page 534, 149 N. E., 871, 874:

''It would be difficult to frame language more direct and expressive of the thought that the intention of the Legislature was to place a designated heir upon an absolute equality and in the same class with the 'issue' of, or 'child born in,' lawful wedlock, and to vouchsafe to him the same rights in an intestate's estate under the statutes of descent and distribution as if a child so born.''

There is an evident desire upon the part of the plaintiff in error to read into the terms of the will of James Bradford additional limiting words not to be found therein. There is nothing in the record warranting this court in such action.

Referring again to the opinion in the case of *Sommers* v. *Doersam,* at page 149 of 115 Ohio State, 152 N. E., 387, 390, where our Supreme Court quotes from *Smith* v. *Hunter, Trustee, supra:*

'' 'If the court should supply them [words limiting succession to the daughter's heirs at law, who should be of her blood], it would be amending his will rather than construing it. However confidently we might follow counsel in the conjecture that the testator would have used such terms if he had foreseen all that has now occurred, we should still be admonished that in ascertaining the meaning of the

testator it is of first importance to assume that he meant what he said.'

"Courts cannot 'devise a new scheme for the purpose of spelling out a new theory by which it can be said that the testator intended something which his language shows that he did not intend.' *Wright* v. *Wright,* 118 N. Y. S., 994, affirmed 140 App. Div., 634, 125 N. Y. S., 875.

"*Adams, Adm'r.,* v. *Jones,* 176 Mass., 185, 57 N. E., 362: 'When words have an ascertained meaning, and admit of a rational interpretation, and there is nothing in other portions of the will indicating that they were not used in their ordinary sense, a court cannot depart from that ordinary sense for the purpose of giving effect to what it may be guessed was the intention of the testator, because it would result in a fair distribution of the estate. If, in such a case, the testator did in fact intend to make an equal distribution, he has failed to express that intention in using the words he did use, and the power of the court goes no further than to ascertain the true meaning of the words used by him as he used them.'

" 'Whatever method may be resorted to for the interpretation of a will, it must be applied solely with a view to arrive at the intention of the testator, as his intention may be gathered from the language found in the instrument itself. However clearly an intention not expressed in the will may be proved by extrinsic evidence, the rule of law requiring wills to be in writing stands as an insuperable barrier against carrying the intention thus proved into execution.' *Daugherty, Adm'r.,* v. *Rogers,* 119 Ind., 254, 20 N. E., 779, 3 L. R. A., 847.''

We find, therefore, no difficulty in holding that under item IV of the will of James Bradford the defendant in error, Eleanor Bradford Davis, qualified as the heir at law of Eleanora Bradford, and came within the meaning of the terms used in the will of James Bradford.

The second reason advanced for reversing the judgment is that the testator by the use of the words "heirs at law" only contemplated the heirs at law of Eleanora Bradford at the time of his decease; or that, under Section 10578, General Code, only those in being could take. Section 10578 is as follows:

"When lands, tenements, or hereditaments are given by will to a person for his life, and after his death to his heirs in fee, or by words to that effect, the conveyance shall vest an estate for life only in such first taker, and a remainder in fee simple in his heirs."

We think that the contention of the plaintiff in error as to this second ground has been largely answered by what has already been said. In addition thereto, it is evident that Eleanora Bradford could have no heirs at law until her decease, and it is also apparent that this contention, or construction of the section of the General Code quoted, would not have excluded a child of Eleanora Bradford born in lawful wedlock.

We hold that the doctrine of vested remainder does not exclude Eleanor Bradford Davis from inheriting under item IV of the will of James Bradford.

III. It is further claimed that, by reason of the statutory proceeding to lease, instituted by Eleanora Bradford previous to her designation of Eleanor

Bradford Davis as her heir at law, Eleanora Bradford has rendered *res judicata* the question of the right of the plaintiff in error, Florence B. Laws, and the other heirs at law of Eleanora Bradford, exclusive of Eleanor Bradford Davis, to inherit as heirs at law of Eleanora Bradford.

It is urged that the language of the petition, seeking authority to lease the premises covered by the life estate, is conclusive upon Eleanor Bradford Davis, because Eleanora Bradford, her representative, was a party in that proceeding. The language of the petition pointed out is as follows:

"Plaintiff (Eleanora Bradford) says the defendants Florence E. Laws (and others, naming them) and the plaintiff are all the persons in being who are interested in the said estate or who may be by the terms of said will of James Bradford interested therein as heirs."

It will be noted, as far as the language used is concerned, applying it to the designated heir, that Eleanor Bradford Davis, while she was a person in being at the time the lease petition was filed, was not in being as the designated heir of Eleanora Bradford.

In addition, it is also apparent and conclusive that the lease proceeding is not a case involving the same subject-matter, the same parties, and the same issues as this action. If this were litigation involving the right of Eleanor Bradford Davis to object to the lease, which was authorized by the previous judgment, and she were in conflict with the lessee, the objection urged might be pertinent. The subject-matter of the lease proceeding was the right of Eleanora Bradford to lease the property. The subject-matter

of this proceeding is the right of her designated heir to inherit property under the will of James Bradford, and there is no antagonism suggested toward the lessee. Just as a natural child would have been estopped to avoid the judgment in the lease proceeding, so the defendant in error Eleanor Bradford Davis would have been estopped, but the doctrine of *res judicata* cannot be extended further.

The rule laid down in *Judy* v. *Trollinger,* 110 Ohio St., 576, 144 N. E., 44, and in *Bennett* v. *Fleming,* 105 Ohio St., 352, 362, 137 N. E., 900, has no application to the facts in this case.

For the reasons stated, we hold the court did not err in sustaining the demurrer to the answer or in its judgment.

The judgment of the court of common pleas of Hamilton county is affirmed.

*Judgment affirmed.*

CUSHING, P. J., and HAMILTON, J., concur.