FIRST HUNTINGTON NATIONAL BANK, *Trustee*

*v.*

MOUNT HOLYOKE COLLEGE *et al.*

(No. 7925)

Submitted May 16, 1934. Decided May 29, 1934.

114

*Blue, Dayton & Campbell, Arthur S. Dayton* and *William F. Blue,* for appellant.

*Fitzpatrick, Brown and Davis* and *Walter L. Brown,* for appellee First Huntington National Bank, trustee.

HATCHER, JUDGE:

The will of Mrs. Mary C. Patterson, deceased, devised the residue of her estate to trustees upon trust to pay the net income therefrom to her son, Thomas C. Patterson, as long as he survived. The will then proceeds: "At his death I direct that the Trustee use as much of the income and principal as is required to pay any expenses chargeable to his estate, and after these debts are all paid, I direct that the remaining income and principal be divided among the following religious, charitable and educational organizations," etc. A short while after the death of his mother, the son died intestate, leaving an estate of some $50,000.00.

In this proceeding, the son's administrator would require the surviving trustee to pay the expenses of the son's estate. The administrator relies on the provision in the paragraph quoted from the mother's will directing the trustee at the death of the son, "to pay any expenses chargeable to his estate." The circuit court found against the administrator.

Counsel for appellees ingeniously array a number of reasons why the will could not have meant what the administrator contends for and why it should mean some-

thing else. Authorities are cited tending to support counsel. We must not heed the persuasion of counsel though "charming never so wisely". It is a cardinal rule that courts should not speculate on the intention of a testator when the words employed have a plain meaning. *Harris* v. *Neal,* 61 W. Va. 1, 5, 55 S. E. 740; *Neal* v. *Hamilton Co.,* 70 W. Va. 250, 255, 73 S. E. 971. The words in question here—"to pay any expenses (debts) chargeable to his (the son's) estate"—are, in our opinion, unequivocal. The application of rules of construction are not necessary. The words used evince the natural concern of the mother to insure her son's name from the stain of debt. The fact that the son's estate is ample to pay its own expenses is immaterial. The fact that the mother even knowingly directed her trustee to perform an unnecessary service for the son's estate does not militate in the slightest against that direction. It is characteristic of brooding motherhood to do such things.

The judgment of the circuit court is reversed and the cause remanded.

*Reversed and remanded.*