*In Re:* FRANK G. G. CONLEY, *Guardian of* FRITZIE GAY CONLEY *and* CARTER MEADE CONLEY, *Infants*

(No. 9102)

Submitted September 10, 1940.  Decided October 22, 1940.

*J. Harper Meredith* and *Rollo J. Conley,* for plaintiff in error.

RILEY, PRESIDENT:

Frank G. G. Conley, guardian of Fritzie Gay Conley and Carter Meade Conley, prosecutes this appeal from a decree of the circuit court of Marion County, construing adversely to the interest of his wards the will of their grandmother, Georgia Hall Conley, deceased.

Appellant filed his petition in the Circuit Court of Marion County, praying, among other things, that the will be construed; that the owners of the various interests in decedent's estate be defined and their interests specified; that, in the event there is interest in the remainder created by the will in the heirs of the body of one Joseph G. Conley as yet unborn, they may be treated as parties unknown, and their interests defined and protected; and that appellant be authorized and directed to join in certain described deeds of trust. In the final decree complained of, the proceeding was transferred to the equity side of the court under Code, 56-4-11, and the petition regarded as a bill in equity.

The petition recites that decedent died seized and possessed of an undivided one-half interest in valuable real estate in Marion County, subject, however, at the time of her death to debts which, together with interest and taxes accruing since her death, amount to the sum of $124,544.76; that she is survived by her husband, Rollo J. Conley, who, in the decree, waived his interest in the real estate, two sons, Joseph G. Conley and the said Frank G. G. Conley, who would have been her only heirs-at-law had she died intestate; that Joseph has no children and appellant's only children are his said wards.

On this appeal, error is assigned only to the trial chancellor's construction of the following paragraphs of the will:

> "3rd I give to my son, Joseph G. Conley, a life estate in one-half of all my real estate. If he dies without heirs of the body, his share is to go to my granddaughters, Fritzie Gay Conley and Carter Meade Conley.
> "4th I give to my son, Frank Gay Gantz Conley, a life estate in one-half of my real estate. At his death his share is to go to my grand-daughters, Fritzie Gay Conley and Carter Meade Conley."

The trial chancellor construed these paragraphs as devising to testatrix's two sons, Joseph G. Conley and Frank G. G. Conley, a life estate each in one-half of testatrix's real estate, and that as to the remainders she died intestate. With this construction we agree only in part.

In the construction of wills, the intention of the testator is the controlling factor, and, if that intention is so expressed that it can be conceived from the provisions of the will, and is not contrary to some positive rule of law, it will prevail. 1 Harrison, Wills and Administration, Section 184; 1 Page, Wills, (2d Ed.) Section 808, Note 1; *Hooper, Trustee,* v. *Wood,* 97 W. Va. 1, pt. 3, syl., 125 S. E. 350; *Cresap* v. *Cresap,* 34 W. Va. 310, 12 S. E. 527. If the provisions of a will are clear, courts, of course, may not speculate on the testator's intention. Only where testator's real intention does not appear satisfactorily from the plain language used, may resort be had to legal presumptions and rules of construction. *First Huntington National Bank, Trustee,* v. *Mount Holyoke College,* 115 W. Va. 113, 175 S. E. 338; *Neal* v. *Hamilton Co.,* 70 W. Va. 250, 255, 73 S. E. 971. Of course, the intention should be ascertained from the will considered as a whole and read in the light of the surrounding circumstances. *Wise, Admr.,* v. *Hinegardner,* 97 W. Va. 587, 125 S. E. 597; *Hooper, Trustee,* v. *Wood, supra; Cresap* v. *Cresap, supra.*

The two paragraphs under consideration were inaptly drawn. Each refers to the life tenant's "share" as passing

at his death to two named beneficiaries, one, if the life tenant should die without heirs of his body, and the other simply at life tenant's death; whereas each life estate necessarily will cease with the death of its life tenant. Thus it seems that the provisions for the disposal of testatrix's real estate, after the life estates have expired, if taken literally, are without any possible legal operation, and testatrix died intestate as to the remainders.

The words "his share", if taken in their literal sense, are meaningless and create an intestacy. Wherever possible to bring into operation a testator's intention, a court will give such construction to a will as to bring into effect every word or part thereof and such construction will be made as to avoid the creation of an intestacy. *Cowherd* v. *Fleming,* 84 W. Va. 227, pt. 3, syl., 100 S. E. 84; *Houser* v. *Ruffner, Admr.,* 18 W. Va. 244, pt. 4, syl.; 1 Page, Wills, (2d Ed.), Section 815, Note 1, and the cases cited thereunder. This duty embraces the power of a court, if necessary to ascertain a testator's real intention, to reject, supply, transpose, or substitute words. 1 Harrison, Wills and Administration, Section 197; 1 Page, Wills, (2d Ed.) 826; *Graham* v. *Graham,* 23 W. Va. 36, pt. 11, syl., 48 Am. Rep. 364. Whenever applicable these rules of construction are indeed salutary, and, we think, their application to the instant will is fully justified. It seems quite unreasonable that testatrix, having named her two grandchildren in both paragraphs, intended that they take nothing thereunder. On the contrary, her evident intention was to deal effectively with the remainders after the expiration of the life estates; and, applying the rules of construction heretofore discussed, we think she intended by the words "his share", the remainder estate after the expiration of each life tenancy.

Under the two paragraphs directly under consideration, testatrix's two sons, Joseph G. Conley and appellant, each received a life estate in one-half of the real estate as the trial chancellor decreed.

The third paragraph, however, does not, as the decree provides, create only a life estate in Joseph G. Conley. In

our opinion that paragraph devised to appellant's wards a remainder contingent upon the life tenant, Joseph G. Conley, dying without heirs of his body. If said life tenant should die survived by heirs of his body, then, of course, the contingency does not occur, and appellant's wards would receive nothing under this paragraph of the will. That this paragraph provides for a valid contingent remainder is recognized by authoritative writers and is sustained by the great weight of American authority. 2 Tiffany Real Property, Third Edition, Section 321, and numerous authorities cited in Notes 88 and 89. "A very common interest of a remainder contingent because of uncertainty in the remainderman is presented by the limitation of a remainder to the heirs, or to the heirs of the body, of a living person named, in which case the heirs cannot be ascertained until such person's death, on the principle that there can be no heir to a living person, as expressed in the maxim, *nemo est haeres viventis.*" Supra, note 91, citing *Wallace* v. *Minor,* 86 Va. 550, 10 S. E 423; *Richardson* v. *Wheatland,* 7 Metc. (Mass.) 169; *Bailey* v. *Smith,* 222 Mass. 600, 111 N. E. 684; *Aetna Life Insurance Co.* v. *Hoppin,* 249 Ill. 406, 94 N. E. 669; *Laws* v. *Davis,* 34 Ohio App. 157, 170 N. E. 601, and other cases. See also 2 Restatement Property, Section 157, comments U and W; 2 Minor's Institutes (2d Ed.), Revised and Corrected, 337; *Hinton* v. *Milburn's Ex'rs.,* 23 W. Va. 166, 170; *Patton* v. *Corley,* 107 W. Va. 318, 319, 320, 148 S. E. 120, 121. In the last-mentioned case, this Court said: "* * * all the texts state that in case of a conveyance or devise to A for life, with remainder to his children, and if he die without children, then to B, regarding B's estate as subject to the condition precedent of A's death without children, B's remainder is necessarily contingent, and does not vest until the happening of the condition precedent."

The fourth paragraph of the will properly construed vested immediately upon the testatrix's death a life estate in one-half of her real estate in the appellant Frank G. G. Conley, and his wards received a vested remainder therein. This position likewise is sustained by ample

authority. "A vested remainder is a remainder limited to a certain person, and on a certain event, so as to possess a *present capacity to take effect in possession,* should the possession become vacant." 2 Minor's Institutes (2d Ed.), Revised and Corrected, 337. Examples of vested remainders are found in *Diehl* v. *Cotts,* 48 W. Va. 255, 37 S. E. 546; *Bland* v. *Davisson,* 77 W. Va. 557, 88 S. E. 1021, 94 S. E. 539. Under the circumstances, we think the learned trial chancellor erred in his construction of this paragraph of the will.

For the foregoing reasons we reverse the final decree complained of and remand this cause for further proceedings in accordance with the principles herein announced.

*Reversed and remanded.*

KENNA, JUDGE, concurring:

This review is by way of appeal and for that reason the holding of this Court and the discussion contained in its opinion should not be inclusive of matters not passed upon by the trial chancellor. The decree below, I agree, contained an apparent error in holding that the testatrix died intestate as to the fee in her realty because the term "his share" described nothing more than a life estate which could not pass upon the death of the life tenant. The decree made no attempt to construe the provisions dealing with remainders over except to ignore them as being invalid. In my opinion this Court should confine its pronouncement to the error apparent upon the face of the record and should avoid an anticipatory decree.