**HUMMEL v DAVIS et**
**HUMMEL v MAKEPEACE et**

Ohio Appeals, 2nd Dist, Franklin Co

Nos 2619 & 2625.  Decided April 4, 1936

Gumble & Gumble, Columbus, for plaintiff.

Huggins & Liggett, Columbus, for Lucy J. Makepeace, Mary E. Andrews, Ethel S. Davis, Libbie E. Frederick, Florence Eberly and Evangeline Berryman.

Kennedy & Horner, Columbus, for defendant, May K. Seeds.

John L. Davies, City Attorney, Columbus, and E. W. McCormick, First Assistant City Attorney, Columbus, for the City of Columbus.

## OPINION

By BODEY, J.

These cases are before this court on appeal, each appeal being prosecuted by certain defendants in the single case numbered 138620, Common Pleas Court of Franklin County.

In her petition plaintiff prays for partition of certain real estate therein described as Parcel No. 1 between the defendant, James Walter T. Davis, and herself, and also that the title to said real estate be quieted as to the claims of the remaining defendants.  Plaintiff bases her claim of title and that of the defendant, James Walter T. Davis, upon the last will and testament of Asa Davis, who was the father of Samuel A. Davis, plaintiff and the defendant, James Walter T. Davis, each being an adopted child of the said Samuel A.

Davis, Lucy J. Makepeace and Mary E. Andrews, sisters of Samuel A. Davis, and daughters of Asa Davis, are made parties defendant, as are Ethel S. Davis, Libbie E. Frederick, Florence Eberly, Evangeline Berryman, Asa Davis Seeds and Clarence Seeds, who are children of Electa Seeds, deceased, who was a sister of Samuel A. Davis and a daughter of said Asa Davis. Rachel E. Seeds, widow of Austin H. Seeds, deceased, who was also a son of Electa Seeds, is likewise made a party defendant. The City of Columbus, Ohio, is also a party defendant.

The defendants, Lucy J. Makepeace, Mary E. Andrews, Ethel S. Davis, Libbie E. Frederick, Florence Eberly, and Evangeline Berryman, by way of answer and cross-petition claim title in fee simple to the real estate described in the petition for the reason that they were presumptive heirs of Samuel A. Davis in being at the time of the death of Asa Davis. A similar answer and cross-petition is filed by the defendants, Clarence Seeds and Rachel E. Seeds. The defendant, James Walter T. Davis, by way of answer and cross-petition admits the allegations of the petition. By way of answer and cross-petition the defendant, Asa Davis Seeds, claims title to the whole of said real estate as sole devisee under the will of Samuel A. Davis, deceased. This cross-petitioner also claims that Samuel A. Davis held open and adverse possession of said premises from July 21, 1896 to February 1, 1933. The defendant, The City of Columbus, files an answer and cross-petition in which it claims title to Parcel No. 2 described in the petition. During the pendency of the case below the death of Asa D. Seeds was suggested to the court and May K. Seeds, devisee under his will, was made a party defendant and the cause was revived in her as to the interest claimed by Asa D. Seeds. Various answers were filed to the several cross petitions, each of which consisted of a general denial.

The issues raised concern the construction to be given to Item Fifth of the will of Asa Davis, deceased. That Item reads as follows:

"I do give and devise to my son Samuel A. Davis during his natural life and then to his heirs the following tracts of land situate in Norwich Township, Franklin County, Ohio, to-wit, the old homestead of 190 acres conveyed by Samuel Davis Sen. to me in A D 1836 Also the tract of 112 acres that James Dun & wife conveyed to me by deed dated Jany 13th 1852 Subject however to the dower of my wife therein,

as above specifide, and reserving one acre of my said home farm where Samuel Davis Senior is burried, and where his monument stands erected, I also give and devise to my son Samuel A. Davis to be his absolute, one hundred and twenty (120) acres of Land which I own in St Clair County State of Missouri, I also give to him my son Samuel Twelve Hundred Dollars, Stock in the C.C.&I.C. Rail Road, which I own;" (Emphasis ours).

The facts are as follows: Asa Davis executed his will, of which Item Fifth was a part, on November 30, 1881; this will was admitted to probate on August 14, 1883; Asa Davis, the testator, left surviving him his son, Samuel A. Davis, named in Item Fifth of the will, the defendants, Lucy Jane Makepeace and Mary Andrews, and his daughter, Electa Seeds who was the mother of certain defendants named; Samuel A. Davis never had children; he died on February 1, 1933; on November 9, 1901 the said Samuel A. Davis adopted the plaintiff, Pauline Isabel D. Hummel, and the defendant James Walter T. Davis, by proceedings instituted in the Probate Court of Franklin County.

Able and comprehensive briefs have been filed by counsel representing the several claimants. The court has examined with care the cases cited in these briefs. We are cognizant of the rule that a court, in construing a will, should seek to give effect to the intention of the testator and should not attempt to write a new or different will for him. We are likewise mindful of the rule that a testator must be presumed to have meant what he said when he executed his will and that in the interpretation of a will the court should construe the words employed as the same are used in their primary and ordinary sense, unless such use will lead to some absurdity or repugnancy to the declared intention of the testator as ascertained from the entire will. In the case of **Sommers v Doersam, 115 Oh St, 139**, the court held:

"In the construction of a will where the words when given their natural, ordinary and generally accepted meaning, are plain and unambiguous and when technical terms used in the will have an equally plain and well-known meaning and show a clear intention on the part of the testator, then such meaning cannot be departed from for the purpose of giving effect to what may be supposed was the intention of the testator. Such intention must be found in

the words actually used in the will, construed in the light of the established rules of interpretation and such evidence of extrinsic facts and circumstances as are properly admissible in a suit for construction of a will."

An examination of the entire will of Asa Davis discloses that the questions concerning the disposition of his worldly estate were carefully considered and that the final disposition of his property was clearly set forth in his will. The word 'heirs' is used but once in this will and that is found in Item Fifth hereinabove quoted. There is no ambiguity at any place in this will. Each Item and clause thereof clearly sets forth the intention and the desire of the testator. It is clear from an examination of the Fifth Item that the ▮▮▮▮▮ testator intended his son, Samuel A., to have a fee simple in the 120 acre tract situate in St. Clair County, Missouri. It is equally clear that this son was only to enjoy a life estate in the old homestead of 190 acres and in the 112 acre tract mentioned therein. It never was the intention of Asa Davis to give to his son a fee simple estate in the latter two tracts of land.

The rule in Shelley's case was abolished in the State of Ohio long before the will in this case was written. It is provided in substance in the Statute abrogating this rule that, when lands are given by will to a person for his life, and after his death to his heirs in fee, or by ▮▮▮▮▮ words to that effect, such conveyance shall be construed to vest an estate for life only in the life tenant and a fee simple in remainder to his heirs. When this Statutory provision is applied to the testamentary disposition contained in this will we conclude that the heirs of Samuel A. Davis, referred to in Item Fifth, take their interest in this real estate not from him but from the testator as devisees under his will.

Counsel for the various claimants argue at length concerning the character of the remainder estate created by this will. On the one hand it is contended that the estate created was for life in Samuel A. Davis with a vested remainder in those persons who would answer the description of his heirs at the time of the death of Asa Davis, the testator, while on the other hand it is claimed that the remainder was contingent and did not vest until the death of Samuel A. Davis, the life tenant, at which time his heirs could be definitely determined. If the remainder estate created was vested at the time of the testator's death, the same was subject to being divested if other heirs presumptive of the same class came into being or if an entirely new class of heirs, nearer to the life tenant, was born or came into legal being prior to the death of Samuel A. Davis. The construction of this will does not depend upon the determination of the court as to the kind of a remainder estate created. The fact that the remainder was either vested or contingent has no bearing whatever upon the ultimate question before us. For that reason, we do not pass upon that question.

Counsel for some of the defendants assert that the land in controversy was ancestral and that, therefore, the adopted children of Samuel A. Davis could not inherit. Having already stated that the heirs take as devisees of the testator, we now inquire whether or not this land was ancestral while in the hands of Asa Davis. The record shows that the land came to him by two deeds and that a consideration of money is recited in each deed. This evidence clearly establishes that the title did not come to Asa Davis by descent, devise or deed of gift from his ancestor. Since this real estate did not ▮▮▮▮▮ come to him by descent, devise or deed of gift, it cannot be classed as ancestral property as that term formerly appeared in our Statute. The fact that the record shows that each of the deeds in question recites the payment of a substantial money consideration makes them deeds of purchase and the property described therein non-ancestral property.

Having determined that the word 'heirs' in this will is used in its ordinary and primary sense and in an unambiguous manner, and having determined that the remainder estate was devised to the heirs of Samuel A. Davis as non-ancestral property of Asa Davis, the testator, we next direct our attention to those persons who were heirs of Samuel A. Davis. The plaintiff and the defendant, James Walter T. Davis, were legally adopted by Samuel A. Davis in 1901. Under the law existing at that time and by virtue of this adoption these two chidren were invested with the legal right of inheritance to real estate as if born to Samuel A. Davis and his wife in lawful wedlock. A law of similar import was in effect at the date of death of Samuel A. Davis. Each of these children survived Samuel A. Davis. Therefore, at his

death they became his heirs, and as such were entitled to the remainder of the real estate devised to his heirs by Item Fifth of the will of Asa Davis, his father. If Samuel A. Davis had died intestate, the plaintiff and the defendant, James Walter T. Davis, would have been the persons who would have taken his estate under the Statutes of Descent and Distribution of Ohio. Opposing counsel urge that Asa Davis never intended that his homestead should pass into the hands of others than those who were related to him by blood. However, it must be borne in mind that, when he executed his will in 1881, Ohio had a Statute covering adoption which had been a part of its law for approximately 22 years. The testator is presumed to have known and realized that his son, Samuel A., could adopt a child or children under the law and by so doing make him or them his heir. The testator was also presumed to know that the Statutes of Descent and Distribution could be altered from time to time and that when he used the word 'heirs' in his will he was describing a class of persons who would be designated and determined by the Legislature of Ohio. Since the testator is presumed to have knowledge of all of these facts, it seems to us that the syllabi of the case of **Smith et v Hunter, Trustee, et, 86 Oh St, 106,** applies with all of its force to this case. We quote:

"1. The rule that in the interpretation of a will the testator must be presumed to have meant what he said requires that a devise of a remainder 'to the heirs at law' of a beneficiary for life be regarded as including an adopted child of the beneficiary, although there was not, when the will was executed, any Statute for the adoption of children.

2. In such case it is not required that the testator appears to have had the specific intention that the succession should be to an adopted child of the beneficiary for life if it appears that such child, it having been adopted in pursuance of laws enacted before the succession, is within the terms by which the testator declared his general intention."

In that case the Supreme Court construed an adopted child to be an heir at law although when the will was executed there was no statutory provision authorizing the adoption of children. Under such a state of facts, an adopted child could not have been within the consideration of the testator by the widest stretch of his imagination when he executed his will. In our opinion, this case is stronger than the one at bar and establishes a binding precedent, since we have heretofore found and determined that there is no ambiguity in this will and that the term 'heirs' is used in its generally accepted sense. This case of Smith et v Hunter, trustee, has been frequently cited with approval and the court has not departed from the principle therein announced.

Counsel for certain defendants cite the case of Millard H. Grenlich v Henry Hollencamp, as admr. et al, a Montgomery County case decided by this court of February 8, 1929, in support of their contention that adopted children may not inherit through their adopting parent. We have read this opinion, but the same cannot control the instant case. Here, as we have stated, the adopted chidren take directly from the testator under the will and not from or through their parent, Samuel A. Davis.

It is well settled that a life tenant may not hold real estate adversely to his remainderman. "No possession can be deemed adverse to a party who has not at the time the right of entry and possession." **1 Ohio Juris. 509, §19.** Therefore, the defendant, May K. Seeds, must fail upon her claim as devisee under the will of Asa Davis Seeds, deceased, who claimed title as sole devisee of Samuel A. Davis, deceased.

On the issues joined between the petition of plaintiff and the various answers and cross-petitions of the defendants, we find in favor of the plaintiff and against the defendants. On the issues joined between the cross-petitions of the various defendants and the answers of plaintiff and the defendant, James Walter T. Davis, we find in favor of the plaintiff and said Davis. A writ of partition should, therefore, issue as prayed for in plaintiff's petition and the title of the plaintiff and the defendant, James Walter T. Davis, should be quieted as against the claims of Lucy J. Makepeace, Mary E. Andrews, Ethel S. Davis, Libbie E. Frederick, Florence Eberly, Evangeline Berryman, Clarence Seeds, Rachel E. Seeds and May K. Seeds, defendants. The parties should pay the costs respectively incurred by them. An entry may be drawn accordingly. Exceptions may be saved as desired.

BARNES, PJ, and HORNBECK, J, concur.