Witten et al., Appellees, *v.* Landrum, Appellant; Davis et al., Appellees.

(No. 15-74-2—Decided July 23, 1974.)

*Messrs. Walters & Young,* for appellees Witten et al.
*Messrs. Hyman, McMaster, Cook & Webb,* for appellant.
*Messrs. Drury, Zeigler & Whetstone,* for appellees Davis et al.

Cole, J. This is an appeal from a judgment of the Court of Common Pleas in an action to quiet title to real estate. The parcel of land in question was the subject of the following items in the will of one Phillip C. Handwerk who died in 1922, and whose will was then duly probated. It reads in part:

"I give devise and bequeath to my two daughters, Julia Witten and Grace Kreider at the time of the decease of my said wife, the following described real estate * * * I give to them jointly during the life time of each of them, then to their legal heirs."

Later, in 1967, Julia Witten died and in 1967 Fred Witten, one of her children, died leaving her other two children as his heirs.

In 1968, Grace A. Kreider, pursuant to R. C. 2105.15, designated Annabelle Landrum as her heir. On February 28, 1973, she died not having changed or modified this designation. There is nothing in the record concerning the termination of the life estate of the widow of Phillip C. Handwerk. It is apparently assumed by all parties, including the court below, that Mrs. Handwerk died or predeceased her husband and therefore is not here involved.

The sole issue raised by the single assignment of error is whether an heir designated under R. C. 2105.15 is a "legal heir" who becomes vested with title to the property in question under the will of Phillip C. Handwerk. The court below held that a designated heir is not a "legal heir" under that will and therefore has no interest in the parcel, the interest of Grace Kreider vesting in those who are otherwise her heirs at law under the statute of descent and distribution.

The Supreme Court held in *Blackwell* v. *Bowman* (1948), 150 Ohio St. 34 that, under the statutes of descent and distribution, a person who has been designated and appointed by another as an heir at law inherits *from*, but not *through* his designator. (Paragraph 3 of the syllabus.) In the present case, however, there is no contention that the designated heir has taken under the statute of descent and distribution through her designator. She must take, if at all, by virtue of the will of Phillip Handwerk. She thus takes neither from, nor through, her designator, Grace Kreider, but takes, if at all, only by virtue of falling within the class "legal heirs of Grace Kreider," as that term is used in the will of Phillip Handwerk. We have essentially a problem of will construction which revolves around the intention of the testator.

Looking to the four corners of that will, we find a consistent pattern as to the bulk of the testator's property. It is first given to his wife for her life. On her death, each of several daughters is given real estate during her life

time with the following provision: "then to her legal heirs." There is however no further language from which it is possible to further delineate or define the term "legal heirs".

The Supreme Court said in *Casey* v. *Gallagher* (1967), 11 Ohio St. 2d 42 at 48:

"However, the Court of Appeals correctly applied the previous decisions of this court in holding that the testator did not use the word 'heirs,' to mean his grandchildren as a class, but rather meant those designated by the statute of descent and distribution to inherit from each of his children as of the time of application of the statute. This is the usual meaning of the word in the absence of evidence sufficient to establish a contrary intent. * * * "

Here, the juxtaposition of the word "legal" with "heirs" tends to emphasize this meaning in which "heirs" is equated with those taking under the statute of descent and distribution. It would emphasize that the persons concerned are those designated by law and not heirs under a testamentary disposition of property as the word may sometimes be used.

So the question becomes whether an heir designated by Grace Kreider under the terms of R. C. 2105.15 becomes a person who inherits from Grace Kreider by virtue of the statute of descent and distribution. It is not a question of inheritance *through* Grace Kreider who never became seized of the remainder interest and who never was given a power of appointment as to such property but, rather, whether the designated heir inherited from Grace Kreider by virtue of the statute of descent and distribution in effect at the time of Grace Kreider's death. If she did, she becomes a member of the class "legal heirs of Grace Kreider"; hence, she inherits under the will of Phillip C. Handwerk for that is the term he used to describe the class taking the remainder.

R. C. 2105.15 provides, in part:

" * * * Thenceforward the person designated will stand in the same relation, for all purposes, to such declarant as he could if a child born in lawful wedlock. The

rules of inheritance will be the same between him and the relations by blood of the declarant, as if so born. * * * "

This section therefore in ultimate effect places a designated heir in the position of a child born in lawful wedlock. The descent of property is then under the statute of descent and distribution and the designated heir is an heir under that section. Thus, the designated heir Annabelle Landrum became an heir of Grace Kreider under the statute of descent and distribution. As such she fell within the class of "legal heirs of Grace Kreider" at the time of the death of Grace Kreider.

Paragraph two of the syllabus of *Casey* v. *Gallagher, supra,* states:

"In a remainder to the 'heirs' of a designated ancestor, unless a contrary intent is manifested, the time of the determination of such heirs is the date of death of the designated ancestor."

Here, there is no contrary intention, but the vesting at Grace Kreider's death is reinforced by the use of the word "then." Thus, at the death of Grace Kreider, Annabelle Landrum was definitely her heir taking from her under the statute of descent and distribution, and, as such, a member of the class taking the remainder interest under the will of Phillip Handwerk. Such being the case, the trial court was in error in holding otherwise.

We are cited to or have found only two cases dealing with this exact problem of will construction. In *Laws* v. *Davis* (1929), 34 Ohio App. 157, and *Denly* v. *Wheeler* (1924), 2 Ohio Law Abs. 600 (parenthetically, it must be noted there is an apparent error in the statement of facts in the latter case as reported) both courts arrived at the conclusion that a grant in a will to the heirs of a person included a designated heir of that person under R. C. 2105.-15, or its past equivalent. See also *Hummel* v. *Davis* (1936), 22 Ohio Law Abs. 49 and *Smith* v. *Hunter, Trustee* (1912), 86 Ohio St. 106.

The judgment of the trial court is reversed and, doing that which the trial court should have done, this court finds that Annabelle Landrum is the owner of, and her title is

quieted to, an undivided one half interest in the following described premises: "The east half of the south-east quarter of section 12, township 3 south, range 2 east, containing 80 acres of land more or less; also 18 acres of land off of the east side of the north-west quarter of the south-east quarter of said section 12, all in Van Wert County, Ohio."

*Judgment reversed.*

GUERNSEY, P. J., and MILLER, J., concur.